THE STATE EX REL. KEENER ET AL. *v.* VILLAGE OF AMBERLEY ET AL.

[Cite as *State ex rel. Keener v. Amberley* (1997), 80 Ohio St.3d 292.]

(No. 97–1420—Submitted September 23, 1997—Decided November 19, 1997.)

*Thomas A. Luken* and *David J. Boyd,* for relators.

*Stephen Cohen,* Amberley Village Solicitor, for respondents.

---

**Per Curiam.** We grant respondents' motion and dismiss the cause. Relators failed to name the proper respondents in this action, and the named respondents do not have a duty to perform any of the requested acts. See Section IV, Article III of the Amberley Charter; R.C. 121.22(B); see, also, *Krash v. Alliance* (July 2, 1990), Stark App. Nos. CA–8046 and CA–8058, unreported, 1990 WL 93914. In addition, respondents' motion to dismiss alerted relators to this problem, *i.e.,* failure to name the village council or its members as parties, even though they sought to compel duties owed by council and its members. Relators, however, did not specifically oppose this part of respondents' dismissal motion in their motion to strike or seek leave to amend their complaint. See, generally, 1 Klein & Darling, Baldwin's Ohio Practice, Civil Practice (1997) 872, Section AT 19–2,

citing *Moore v. Benjamin* (Mar. 27, 1986), Cuyahoga App. No. 50316, unreported, 1986 WL 3718.[1]

*Motion granted
and cause dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. Based on the foregoing, relators' motion to strike, which is not directed to this part of respondents' motion to dismiss, is moot.