[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 292.]

THE STATE EX REL. KEENER ET AL. *V.* VILLAGE OF AMBERLEY ET AL.

[Cite as *State ex rel. Keener v. Amberley*, 1997-Ohio-120.]

*Mandamus to compel village of Amberley, its mayor, and village solicitor to perform acts concerning executive sessions of the village council—Cause dismissed when respondents do not have a duty to perform any of the requested acts.*

(No. 97-1420—Submitted September 23, 1997—Decided November 19, 1997.)

IN MANDAMUS.

———————————

{¶ 1} According to relators, certain citizens and residents of respondent village of Amberley, the Amberley Village Council and its committees conducted numerous executive sessions in 1995 and 1996 in which the press, public, and relators were barred, allegedly in violation of Section IV, Article III of the Amberley Village Charter and R.C. 121.22, Ohio's Sunshine Law. In July 1997, relators filed a complaint that named the village, the mayor, and the village solicitor as respondents. Relators did not name either the village council or the village council members as respondents. Relators set forth several claims for relief and requested (1) a writ of mandamus to prevent respondents from conducting future executive sessions of the village council and its committees, (2) a writ of mandamus to compel respondents to prepare and publish minutes of certain executive sessions conducted by village council and its committees, (3) a writ of mandamus to compel respondent village to prepare and publish minutes of certain village council executive sessions, and (4) a writ of mandamus to compel village council to prepare and publish minutes of an executive session and to cease and desist such sessions.

{¶ 2} Respondents filed a motion to dismiss this mandamus action because, among other reasons, they are not the proper parties to the action.

**{¶ 3}** The cause is now before this court on a S.Ct.Prac.R. X(5) determination.

———————————

*Thomas A. Luken* and *David J. Boyd*, for relators.

*Stephen Cohen*, Amberley Village Solicitor, for respondents.

———————————

***Per Curiam.***

**{¶ 4}** We grant respondents' motion and dismiss the cause. Relators failed to name the proper respondents in this action, and the named respondents do not have a duty to perform any of the requested acts. See Section IV, Article III of the Amberley Charter; R.C. 121.22(B); see, also, *Krash v. Alliance* (July 2, 1990), Stark App. Nos. CA-8046 and CA-8058, unreported, 1990 WL 93914. In addition, respondents' motion to dismiss alerted relators to this problem, *i.e.*, failure to name the village council or its members as parties, even though they sought to compel duties owed by council and its members. Relators, however, did not specifically oppose this part of respondents' dismissal motion in their motion to strike or seek leave to amend their complaint. See, generally, 1 Klein & Darling, Baldwin's Ohio Practice, Civil Practice (1997) 872, Section AT 19-2, citing *Moore v. Benjamin* (Mar. 27, 1986), Cuyahoga App. No. 50316, unreported, 1986 WL 3718.[1]

*Motion granted*
*and cause dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

---

1. Based on the foregoing, relators' motion to strike, which is not directed to this part of respondents' motion to dismiss, is moot.