[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 536.]

THE STATE EX REL. SEKERMESTROVICH ET AL. *v.* CITY OF AKRON ET AL.

[Cite as *State ex rel. Sekermestrovich v. Akron*, 2001-Ohio-223.]

*Mandamus sought to compel city of Akron to commence appropriation proceedings and to compensate relators for the construction of a culvert on their property—Affidavits filed in original actions must be based on personal knowledge—Writ denied, when.*

(No. 99-1985—Submitted December 13, 2000—Decided January 17, 2001.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} In August 1919, the Planning Commission of respondent city of Akron approved a plat for the Linwood Allotment, which provided for a right of way designated as Hackberry Street to run in a north-south direction and to extend to the north of its intersection with Linwood Avenue. Lots 36 through 43 of the allotment are adjacent to the Hackberry Street right of way and north of Linwood Avenue. These lots are now owned by relators, John and Darlene Sekermestrovich.

{¶ 2} On May 12, 1997, the Akron City Council adopted Resolution No. 320-1997, which declared it necessary to improve certain specified areas including Linwood Avenue and Hackberry Street by grading, draining, paving, planting trees, constructing and reconstructing curbs, sidewalks, and driveway approaches, installing roof drain pipes and sanitary sewer house laterals, reconstructing water mains, and constructing storm sewers. The city council approved the specifications for the roadway improvement project. The approved specifications included plans for the construction of a culvert in the Hackberry Street right of way and a guardrail at the intersection of Linwood Avenue and Hackberry Street. For at least ten years preceding this project, Akron workers cleaned and cleared a storm-water drainage

ditch that existed in the Hackberry Street right of way, north of Linwood Avenue. Storm water from Linwood Avenue flowed into the ditch.

**{¶ 3}** In August 1997, after soliciting bids for performance of the project, Akron issued a notice to respondent H.M. Miller Construction/BG Trucking Joint Venture ("Joint Venture") to proceed. In October 1998, Joint Venture completed its work, including installing a culvert in the Hackberry Street right of way and a guardrail. The culvert collects and drains all excess rain and storm water in the vicinity, and the guardrail protects pedestrian and vehicular traffic on Hackberry Street and Linwood Avenue from falling into the culvert. No portion of the right of way in which the culvert was constructed is owned by relators.

**{¶ 4}** In November 1999, relators filed this action for a writ of mandamus to compel respondents, Akron and Joint Venture, to commence appropriation proceedings and to compensate relators for the city's wrongful taking of their real property. Relators alleged that respondents had constructed the culvert on relators' property, that the guardrail prevents access to their lots, and that the culvert damages their property by causing flooding and infestation with vermin. Relators attached to their complaint affidavits in which each of the relators claimed that the facts in the complaint were true as he or she "verily believes." The complaint also referenced a second affidavit of relator John Sekermestrovich, but this affidavit was not attached to the complaint. Respondents filed answers denying most of relators' allegations.

**{¶ 5}** After referring for settlement conferences under S.Ct.Prac.R. XIV(6), we returned this case to the regular docket in March 2000. We subsequently granted an alternative writ on relators' claim against Akron and ordered relators and the city to file evidence and briefs. 88 Ohio St.3d 1483, 727 N.E.2d 132. We also dismissed relators' claim against Joint Venture. *Id.* Relators later filed an affidavit of their attorney in which he stated that he had received records from both the city and relators that he had attached to the complaint and the affidavit.

**{¶ 6}** This cause is now before the court for a consideration of the merits.

**{¶ 7}** Relators seek a writ of mandamus to compel Akron to commence appropriation proceedings. Relators bear the burden of proving entitlement to the requested extraordinary relief in mandamus, *i.e.*, a clear legal right to the requested acts, a corresponding clear legal duty on the part of Akron to perform those acts, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 34, 656 N.E.2d 332, 333; *State ex rel. BSW Dev. Group v. Dayton* (1998), 83 Ohio St.3d 338, 344, 699 N.E.2d 1271, 1276.

**{¶ 8}** Relators claim that by constructing the culvert on their property and causing damage to their adjacent lots, Akron incurred a clear legal duty to commence the requested appropriation proceeding. "In cases of either physical invasion of the land or the destruction of a fundamental attribute of ownership like the right of access, the landowner need not establish the deprivation of *all* economically viable uses of the land." (Emphasis *sic.*) *Id.*, 83 Ohio St.3d at 342, 699 N.E.2d at 1275, citing *Lucas v. South Carolina Coastal Council* (1992), 505 U.S. 1003, 1015, 112 S.Ct. 2886, 2893, 120 L.Ed.2d 798, 812-813, and *State ex rel. OTR v. Columbus* (1996), 76 Ohio St.3d 203, 667 N.E.2d 8, syllabus.

**{¶ 9}** Relators' claim, however, is not supported by sufficient evidence. Relators' evidence concerning the *specific facts* of these claims consists mainly of two affidavits of relators that are attached to their complaint and are based on belief rather than personal knowledge. "Affidavits filed in original actions in this court should be *based on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated therein*." (Emphasis added.) *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 384, 700 N.E.2d 12, 17 (evidence consisting mostly of affidavits replete with allegations based on belief and speculation insufficient to overcome attorney-client privilege in mandamus case); see, also, *State ex rel. Cassels v. Dayton City School*

*Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155; *Beauchamp v. CompuServe, Inc.* (1998), 126 Ohio App.3d 17, 29, 709 N.E.2d 863, 871 (affidavits that are not based on personal knowledge and merely recite that allegations in a separate filing are true need not be considered by trial court); Evid.R. 602; cf. Civ.R. 56(E).

{¶ 10} In addition, relators rely on a second affidavit of relator John Sekermestrovich that is mentioned in the complaint but is not attached to it.

{¶ 11} In fact, in the absence of any competent affidavit attached to their complaint, it is apparent that relators failed to comply with S.Ct.Prac.R. X(4)(B) ("All complaints * * * shall be supported by an affidavit of the relator or counsel specifying the details of the claim * * * "). In this regard, the Staff Commentary to the 1996 amendment to S.Ct.Prac.R. X(4), which allowed relators to meet the affidavit requirement by either their own affidavit or an affidavit of their counsel, notes that "[t]he amendment clarifies that the rule allows an affidavit of relator's counsel as to those specific facts supporting the claim for relief which are in *counsel's personal knowledge* rather than the *personal knowledge of relator*." (Emphasis added.) The manifest intention of the rule is to require an affidavit, by either relator or relator's counsel, that is based on *personal knowledge*.

{¶ 12} Relators' complaint was not supported by an affidavit based on the personal knowledge of either relators *or* their counsel. Consequently, relators did not comply with S.Ct.Prac.R. X(4)(B). Cf. *Logan v. Ohio Adult Parole Auth.* (1998), 84 Ohio St.3d 1423, 702 N.E.2d 433; *Goist v. Seventh Dist. Court* (1997), 79 Ohio St.3d 1452, 680 N.E.2d 1024, where we dismissed original actions for failing to comply with the S.Ct.Prac.R. X(4)(B) affidavit requirement.

{¶ 13} Moreover, with the evidence that is properly before us, relators have not established by sufficient evidence either a physical invasion of their property or a substantial or unreasonable interference with their right of access to public streets on which their lots abut. In fact, the evidence introduced by the city establishes

that the culvert was not constructed on relators' property and that the property had previously been used as a drainage ditch by the city. There is additionally insufficient evidence to establish relators' claim that the city abandoned the property.

{¶ 14} Based on the foregoing, because relators have not met their burden of proving entitlement to the requested extraordinary relief, we deny the writ.[1] By so holding, we need not consider respondents' pending motions to strike and to refer this matter to a master commissioner.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Neal Cox*, for relators.

*Max Rothal*, Akron Law Director, and *J. Christopher Reece*, Assistant Law Director, for respondent city of Akron.

———————————

1. Although Akron failed to file a timely merit brief, we decline to accept relators' statement of facts as correct and grant the writ because relators' brief does not "reasonably appea[r] to sustain the writ." S.Ct.Prac.R. X(12); cf. *State ex rel. White v. Goldsberry* (1999), 85 Ohio St.3d 153, 155, 707 N.E.2d 496, 498, fn. 1.