[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 502.]

THE STATE EX REL. BECKER ET AL. *v.* CITY OF EASTLAKE.

[Cite as *State ex rel. Becker v. Eastlake,* 2001-Ohio-1606.]

*Elections—Mandamus sought to compel Eastlake City Council to place a proposed charter amendment concerning a municipal baseball stadium on either the November 6, 2001 general election or a special election ballot— Proper respondent not named—Writ denied, when.*

(No. 01-1606—Submitted September 28, 2001—Decided October 9, 2001.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} On July 5, 2001, relators, Morris B. Becker, H.W. Spangenberg, and Stanley D. Leff, acting as a committee known as the Right to Vote Committee, filed with the clerk of council of respondent, city of Eastlake, a petition for submitting a proposed charter amendment to be placed on the November 6, 2001 election ballot. The petition provided:

"We, the undersigned, Electors of the **CITY** of **EASTLAKE**, Ohio, respectfully petition the legislative authority to forthwith provide by Ordinance, for the submission to the Electors of said municipality, the following proposed Amendment to the Charter of said city or village to-wit:

"Shall the Charter of the City of Eastlake be amended to enact new Article X, Section 9 so that the same shall read as follows:

" 'No ordinance, resolution, order, or other legislation involving the expenditure of money, including but not limited to City, State or Federal money, for the purpose of developing, constructing, leasing, or financing a Municipal Baseball Stadium, a Municipal Civic Center or any other facility similar thereto, shall be passed, or issued, by Eastlake City Council, or be authorized by any officer

of the City, until first approved by a majority of the electors of the City of Eastlake voting thereon at the next general or primary election occurring not less than sixty (60) days after the passage of such legislation.

" 'Any and all legislation formerly passed by the City of Eastlake relating to the development, construction, leasing, or financing of a Municipal Baseball Stadium, which was not approved by a majority of the electors of the City as provided herein, including but not limited to Ordinance Number 2000-140, a copy of which is attached hereto as Exhibit "A", is repealed, but only with respect to the development, construction, leasing, and financing of a Municipal Baseball Stadium.' "

**{¶ 2}** Although not designated as Exhibit A, a copy of Ordinance No. 2000-140 was attached to each petition part.

**{¶ 3}** Realtors' July 5 petition consisted of forty-four petitions and contained 2,032 unverified signatures. On July 6, relators filed two additional petition parts containing thirty-four unverified signatures.

**{¶ 4}** On July 19, 2001, the clerk certified the sufficiency and validity of the signatures on the petition, finding that relators had "met the signature requirement." By letter dated August 23, 2001, the Eastlake Director of Law submitted an opinion to the president of the Eastlake City Council specifying numerous defects in relators' petition, including that the proposed charter amendment failed to include a title.

**{¶ 5}** On August 28, 2001, one of relators' attorneys addressed a letter to the Eastlake City Council that responded to the law director's opinion and requested to be heard by council at its regular meeting scheduled for that evening. In the letter, relators' counsel stated, "This office has already drafted a lawsuit in mandamus against each member of the City Council, but does not wish to proceed in that manner."

**{¶ 6}** At the regular council meeting held on August 28, 2001, the city council denied relators' request to have the proposed charter amendment placed on the November 6, 2001 election ballot. The city council determined that the petition did not comply with the requirements as to form and that the proposed charter amendment was misleading, confusing, and unconstitutional.

**{¶ 7}** On September 6, 2001, relators filed this expedited election case seeking a writ of mandamus to compel the city council to submit the proposed charter amendment to the electors on the November 6, 2001 general election ballot and asking that the court dispense with or shorten the notice period set forth in Sections 8 and 9, Article XVIII of the Ohio Constitution. Relators alternatively requested a writ of mandamus to compel the city to hold an immediate special election at which the proposed charter amendment would be submitted to the electors. Although relators sought relief against Eastlake City Council, they named only the city of Eastlake as a respondent. After the city filed an answer, the parties filed evidence and briefs pursuant to the expedited schedule set forth in S.Ct.Prac.R. X(9). This cause is now before us for a consideration of the merits, relators' motion to add additional parties, and respondent's motion to strike relator's merit brief.

Motion to Add Additional Parties

**{¶ 8}** After the city raised as an affirmative defense in its answer that relators' complaint failed to name as respondents the Eastlake City Council or its individual members, relators moved to add the city council and its members as respondents. Relators attached an amended complaint to their motion and requested that if the court granted the motion, it direct the clerk of this court to file the attachment as the amended complaint and to issue a summons to each added respondent.

**{¶ 9}** Leave of court or written consent of the adverse party is required to obtain amendment of a complaint after a responsive pleading is served. Civ.R. 15(A); S.Ct.Prac.R. X(2) ("All original actions shall proceed under the Ohio Rules

of Civil Procedure, unless clearly inapplicable"); *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 631, 716 N.E.2d 704, 707. The general policy of the rules favors liberal amendment of the pleadings. Civ.R. 15(A); *Grendell* at 631, 716 N.E.2d at 707.

{¶ 10} Relators' motion to add the city council and its members as respondents is denied. Relators' amended complaint contains no affidavit, as required by S.Ct.Prac.R. X(4)(B), which provides, "All complaints shall contain a specific statement of facts upon which the claim for relief is based, [and] shall be supported by an affidavit of the relator or counsel specifying the details of the claim * * *." By failing to comply with the S.Ct.Prac.R. X(4)(B) affidavit requirement, relators' amended complaint is defective and subject to dismissal. See, generally, *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 740 N.E.2d 252; *Logan v. Ohio Adult Parole Auth.* (1998), 84 Ohio St.3d 1423, 702 N.E.2d 433; *Goist v. Seventh Dist. Court* (1997), 79 Ohio St.3d 1452, 680 N.E.2d 1024.

{¶ 11} Moreover, granting relators' motion to add respondents at this date would extend the schedule for the presentation of evidence and briefs in this expedited election case past the October 2 date for having absentee ballots printed and ready for use. See R.C. 3509.01. This additional delay would not be consistent with relators' duty to act with the diligence and promptness required in election-related matters. See, generally, *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 467, 746 N.E.2d 1115, 1117 ("If a party seeking extraordinary relief in an election-related matter fails to exercise the requisite diligence, laches may bar the action"). As the city claims, relators contended on the same date as the council's decision not to submit the proposed charter amendment to the electorate that they had already drafted a mandamus action against the members of city council. But their filed complaint failed to name the city council or its members as respondents, and their amended complaint failed to comply with S.Ct.Prac.R. X(4)(B).

**{¶ 12}** Therefore, despite the general policy in favor of granting leave to amend when justice requires, Civ.R. 15(A), we deny relators' motion because their amended complaint is defective and would further delay this expedited case based on errors that should have been resolved by relators before instituting this action for extraordinary relief.

Motion to Strike

**{¶ 13}** Eastlake moves to strike relators' brief and to dismiss this cause with prejudice. The city claims that relators' merit brief does not comply with the requirements set forth in S.Ct.Prac.R. VI, as made applicable to original actions by S.Ct.Prac.R. X(8).

**{¶ 14}** Although relators' brief violates S.Ct.Prac.R. VI by not including a table of contents and a table of authorities, the fundamental tenet of judicial review in Ohio is that courts should decide cases on their merits. See *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220, 1221. Furthermore, procedural motions are generally inappropriate in expedited election matters. See *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 111, 712 N.E.2d 696, 700. Based on the foregoing, we deny the motion.

Mandamus

**{¶ 15}** Relators assert that they are entitled to a writ of mandamus to compel the city council to place the proposed charter amendment on either the November 6 general election or a special election ballot. In order to be entitled to the requested extraordinary relief in mandamus, relators must establish a clear legal right to placement of the proposed charter amendment on the election ballot, a corresponding clear legal duty on the part of the named respondent, and the lack of an adequate remedy in the ordinary course of the law. *Sekermestrovich*, 90 Ohio St.3d at 537, 740 N.E.2d at 254.

**{¶ 16}** Relators name only the city of Eastlake as a respondent in their complaint, but they allege no duty on the city's part concerning their proposed

charter amendment. Section 7, Article XVIII of the Ohio Constitution authorizes municipal corporations to adopt and amend a home rule charter, and Sections 8 and 9, Article XVIII prescribe the procedures for adopting and amending a charter. *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 334, 336, 617 N.E.2d 1120, 1122. Section 9 of Article XVIII, which incorporates the requirements of Section 8, allows, and on petition by ten percent of the electors, *requires*, the legislative authority of any city, *e.g.*, the city council, to "forthwith" authorize by ordinance an election on the charter amendment issue. See *State ex rel. Commt. for Charter Amendment Petition v. Avon* (1998), 81 Ohio St.3d 590, 592, 693 N.E.2d 205, 207; see, also, Section 1, Article V of the Eastlake Charter, which vests all of the legislative powers of the city in the city council. These sections establish that the duty alleged by relators is held by the legislative authority of Eastlake, *i.e.*, the Eastlake City Council, rather than Eastlake itself.

{¶ 17} Relators' complaint is defective because they did not name the proper respondent, and the named respondent does not have a duty to perform any of the requested acts. See *State ex rel. Sherrills v. State* (2001), 91 Ohio St.3d 133, 134, 742 N.E.2d 651; *State ex rel. Keener v. Amberley* (1997), 80 Ohio St.3d 292, 293, 685 N.E.2d 1247, 1247-1248. In addition, the city's answer alerted relators to this defect, *i.e.*, failure to name the city council and its members as parties, even though they sought to compel duties owed by council and its members. Cf. *id.* (relator named village but not village council or its members as parties). But relators' attempt to add these respondents failed because their amended complaint did not meet the requirements of S.Ct.Prac.R. X(4)(B) and granting the motion to amend at this late date would make resolution of this case before the statutory deadline for absentee ballots impossible.

{¶ 18} Further, the city's memorandum in opposition to relators' motion to amend pointed out the lack of an affidavit in violation of S.Ct.Prac.R. X(4)(B), but

relators did not file a new motion for leave to amend with an amended complaint complying with S.Ct.Prac.R. X(4)(B).

{¶ 19} In the absence of any alleged duty on the part of Eastlake, the requested writ of mandamus must be denied because "[c]ourts are not authorized to create the legal duty enforceable in mandamus." *State ex rel. Woods v. Oak Hill Community Med. Ctr.* (2001), 91 Ohio St.3d 459, 461, 746 N.E.2d 1108, 1111.

{¶ 20} Moreover, even assuming that relators' complaint sufficiently designates the appropriate respondent, the city council need not submit a proposed charter amendment to the electorate unless it is satisfied with the sufficiency of the petitions and that *all statutory requirements are fairly met*. *State ex rel. Spadafora v. Toledo City Council* (1994), 71 Ohio St.3d 546, 549, 644 N.E.2d 393, 395; *Semik*, 67 Ohio St.3d at 335-336, 617 N.E.2d at 1122. Portions of pertinent statutes that do not conflict with the Ohio Constitution and the city charter apply. *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 55, 641 N.E.2d 1075, 1078; see, also, Section 2, Article XI of Eastlake Charter ("All general laws of the State of Ohio as now or hereafter enacted which are not in conflict with this Charter * * * shall continue in full force and effect until amended or repealed") and Section 5, Article XI of Eastlake Charter ("The submission of a proposed amendment to the electors shall be governed by the provisions of the Constitution of the State of Ohio, and to such extent as the Constitution shall fail to provide therefor, the Council shall determine the manner of such submission").

{¶ 21} Relators' petition did not comply with R.C. 731.31, which requires that "each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure." See *Morris*, 71 Ohio St.3d at 55, 641 N.E.2d at 1078 (nonconflicting portions of R.C. 731.31 apply to charter amendment petitions); *Spadafora*, 71 Ohio St.3d at 549, 644 N.E.2d at 395, applying an R.C. 3519.06(D) requirement for initiative petitions to a petition seeking to place a proposed charter amendment on the election ballot. Relators'

petition specifies no title for the proposed charter amendment adding a section, even though existing Eastlake Charter sections have titles. Omitting the title of a proposed measure is a "fatal defect because it interferes with the petition's ability to fairly and substantially present the issue and might mislead electors." *State ex rel. Hazel v. Cuyahoga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 165, 167, 685 N.E.2d 224, 226; cf. *State ex rel. Esch v. Lake Cty. Bd. of Elections* (1991), 61 Ohio St.3d 595, 597, 575 N.E.2d 835, 837 ("More so than the text, the title immediately alerts signers to the nature of proposed legislation. As this notice helps prevent the signers from being misled, we * * * hold that the instant petition must contain a title for the proposed ordinance as required by R.C. 731.31").

{¶ 22} Relators' reliance on R.C. 3519.21 to assert otherwise is meritless because R.C. Chapter 3519 is limited to *statewide* initiative and referendum petitions. See *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 228, 685 N.E.2d 754, 758.

{¶ 23} Based on the foregoing, the city council had no duty to submit the proposed charter amendment to the electors, because the applicable statutory requirements were not all met. Therefore, relators are not entitled to the requested writ of mandamus, and we deny the writ. This holding renders moot the city's remaining defenses, *e.g.*, laches, lack of proper election falsification statement, the unconstitutionality of the proposed charter amendment, etc.

*Writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment.

LUNDBERG STRATTON, J., dissents.

————————————

*Dworken & Bernstein Co., L.P.A.*, *Patrick J. Perotti, Melvyn E. Resnick* and *Jodi Littman Tomaszewski*, for relators.

*Theodore R. Klammer*, Eastlake Law Director, and *Donald J. McTigue*, Assistant Law Director, for respondent.

————————