OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, the State of Ohio. As the principal basis for respondent's motion, the state contends that relator, Lance Pough, has failed to follow the necessary procedures for initiating a mandamus action and, therefore, the petition must be dismissed. For the reasons below, this court concludes that the motion to *Page 2 
dismiss is well taken.
 {¶ 2} In the instant action, relator, a prison inmate and pro se litigant, seeks the issuance of an order which would require the Trumbull County Court of Common Pleas, specifically Judge Wyatt McKay, to resolve relator's public records request which was filed in the lower court on October 3, 2006 and again on October 17, 2006. In the trial court, relator sought an order compelling the state to provide him with copies of the discovery obtained in Case No. 00-280, State v. LancePough. Relator asserts that such information is necessary to establish that his federal plea bargain was breached and that he was denied effective assistance of counsel.[1]
 {¶ 3} In the caption of his petition, relator refers to himself as the party who is requesting the issuance of the writ. Respondent therefore argues that the petition is subject to dismissal because relator failed to comply with the specific statutory requirements for a mandamus petition.
 {¶ 4} R.C. 2731.04 provides that a petition for mandamus must be brought "in the name of the state on the relation of the person applying and verified by affidavit." Respondent asserts that relator has failed both of these initial requirements for filing a mandamus petition.
 {¶ 5} Initially, we note that relator's failure to file a verified affidavit with his petition is not a fatal defect in and of itself since this court and several other courts have held that the verification requirements in R.C. 2731.04 have been displaced by Civ.R. 11 and are no longer applicable. See State ex rel. Madison v. Cotner (1981), 66 *Page 3 
Ohio St.2d 448, 1981 Ohio LEXIS 531; Rome Rock Association v.Warsing (Mar. 1, 1991), 11th Dist. No. 90-A-1565, 1991 Ohio App. LEXIS 862, at *3 fn 1; State ex rel. Clark v. Krichbaum, 7th Dist. No. 07-MA-66, 2007-Ohio-3185, at ¶ 10.
 {¶ 6} Our review of the mandamus petition demonstrates that relator did not bring the instant action in the name of the state as required by statute. Rather, the petition indicates that relator sought to maintain this action in his own name. Therefore, because relator failed to meet the procedural requirement of R.C. 2731.04, "[t]his deficiency, alone, requires this court to dismiss relator's complaint." Rome Rock, 1991 Ohio App. LEXIS 862 at 2. See also Sardich v. State of Ohio (May 24, 2002), 11th Dist. No. 2002-T-0003, 2002 Ohio App. LEXIS 2489;Maloney v. Sacks (1962), 173 Ohio St. 226, 227; Blankenship v.Blackwell (2004), 103 Ohio St.3d 567, 2004-Ohio-5596.[2]
 {¶ 7} Notwithstanding the failure of relator to adhere to the procedural requirement of R.C. 2731.04, relator's petition also fails to name the proper respondent and therefore must be dismissed on those grounds as well. See State ex rel. Ross. v. State (2004),102 Ohio St.3d 73, 74, 2004-Ohio-1827; State ex rel. Keener v. Village of Amberley
(1997), 80 Ohio St.3d 292, 293, 1997-Ohio-120. In his petition, relator clearly states that he seeks an order compelling Judge Wyatt McKay to issue a ruling on relator's two mandamus petitions filed in October 2006. Therefore, the proper respondent is Judge McKay, not the state and/or the prosecutor. Relator's failure to *Page 4 
name the proper party is fatal to relator's claim.
 {¶ 8} The state argues in the alternative that relator's petition is fatal for failing to adhere to the requirements of R.C. 2969.25(A). This section provides that if a prison inmate initiates a "civil action" against a government entity or employee, he must "file with the court an affidavit that contains a description of each civil action or appeal of civil action that the inmate has filed in the previous five years in any state or federal court."[3]
 {¶ 9} "The Supreme Court of Ohio has concluded that a proceeding in mandamus constitutes a `civil action' for purpose of the statute; thus an inmate must follow the requirements of the statute in filing a mandamus action." State ex rel. Hill v. Geisler, 11th Dist. No. 2005-P-0048, 2005-Ohio-6903, at ¶ 6, citing State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285. R.C. 2969.25 contains specific requirements that must be adhered to when an inmate commences a civil action. Namely, the affidavit must contain: a brief description of the nature of each prior civil action or appeal, the case name, case number and court in which the prior cases were brought, the name of each party to the prior cases, and the outcome of the prior cases. R.C.2969.25(A)(1)-(4). A case is properly dismissed if there is a failure to comply with the requirements of R.C. 2969.25(A). Id., citing Hawk v.Athens County, 106 Ohio St.3d 183, 2005-Ohio-4383. A review of relator's petition clearly demonstrates that he failed to attach an affidavit to his petition as required by R.C. 2969.25(A). This sets forth yet another basis on which we must dismiss relator's petition.
 {¶ 10} Pursuant to the foregoing analysis, this court concludes that relator's mandamus petition is not properly before us for consideration. Accordingly, *Page 5 
respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur.
[1] On the same day relator filed his mandamus petition, relator also filed a motion to proceed in forma pauperis and a motion requesting this court to grant his mandamus petition. The court overrules both motions as being moot.
[2] We also note that the Supreme Court of Ohio has advised courts to liberally grant leaves to amend complaints based upon a deficiency in the pleadings so that cases may be resolved on the merits.Blankenship, 103 Ohio St.3d at 574. In the instant case, relator has not moved for leave to amend his petition.
[3] This affidavit requirement is distinct from the affidavit requirement contained in R.C. 2731.04. *Page 1