[Cite as *Watkins v. Pough*, 2017-Ohio-7026.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DENNIS WATKINS, TRUMBULL COUNTY PROSECUTING ATTORNEY, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2016-T-0100** |
| | : | |
| - vs - | : | |
| LANCE POUGH, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CV 01012.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Lance Pough,* pro se, PID# A653-422, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44907 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Lance Pough, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, granting plaintiff-appellee, Trumbull County Prosecutor Dennis Watkins', Motion for Summary Judgment and declaring Pough to be a vexatious litigator. The issues to be determined in this case are whether a trial court's entry is final and subject to appeal when it rules upon all claims before it,

although not to the satisfaction of the appellant; whether a trial court may grant a motion for summary judgment that was filed before the deadline for defendant's responsive pleading; and whether a party may be found to be a vexatious litigator where he has filed multiple, repetitive appeals and motions arising from a criminal matter. For the following reasons, we affirm the judgment of the lower court.

{¶2} On May 5, 2000, the Trumbull County Grand Jury returned an indictment against Pough for his role in the 1998 death of Braderick McMillan. He was charged with Aggravated Murder and Conspiracy to Commit Aggravated Murder. Pursuant to the terms of a plea agreement, Pough entered a guilty plea to an amended count of Complicity to Commit Murder, in violation of R.C. 2923.03(A)(1) and 2903.02(A), along with a firearm specification. In a November 30, 2000 Entry on Sentence, Pough was ordered to serve a term of fifteen years to life in prison, along with three years for the firearm specification, to be served concurrently with the sentence Pough was serving in federal prison on Case No. 4:98-CR-234.

{¶3} Pough appealed to this court and argued that his plea was not knowing and voluntary and his trial counsel was ineffective. On December 13, 2002, in *State v. Pough,* 11th Dist. Trumbull No. 2000-T-0151, 2002-Ohio-6927 (*Pough I*), this court found Pough's guilty plea was valid, that it was entered knowingly, intelligently, and voluntarily, and affirmed the trial court.

{¶4} On July 15, 2003, Pough filed a petition for postconviction relief. The trial court dismissed the petition in an August 27, 2003 Judgment Entry. On August 28, Pough filed two additional documents relating to his postconviction claims, including a

2

Motion to Supplement Postconviction Claim. A Judgment Entry dated August 29, 2003, again dismissed the Postconviction Petition and denied any requests within the petition.

{¶5} Pough filed an appeal from the August 29 Entry in *State v. Pough*, 11th Dist. Trumbull No. 2003-T-0141, 2003-Ohio-6753 (*Pough II*). The appeal was dismissed as untimely, as Pough failed to comply with the thirty-day rule in App.R. 4(A).

{¶6} This court affirmed the trial court's August 27, 2003 decision dismissing the Postconviction Petition in *State v. Pough,* 11th Dist. Trumbull No. 2003-T-0129, 2004-Ohio-3933 (*Pough III*), finding that the petition was untimely and Pough could not prevail since he was convicted as a result of entering a guilty plea. *Id.* at ¶ 15, 17.

{¶7} In 2007, Pough filed a Petition for a Writ of Mandamus with this court, in which he stated that he had filed two public records requests in the lower court in October, 2006. He sought an order compelling copies of discovery from the State. The matter was dismissed due to Pough's failure to follow several procedural requirements, including naming the proper parties and filing an affidavit in compliance with R.C. 2969.25(A). *Pough v. Watkins*, 11th Dist. Trumbull No. 2007-T-0005, 2007-Ohio-4223 (*Pough IV*).

{¶8} On October 28, 2009, Pough filed a Motion for Sentencing Clarification and he subsequently filed a motion interpreted by this court to be one to withdraw his guilty plea. The trial court denied these motions. This court affirmed, holding that Pough was not entitled to credit for time served in a federal case, and restated its prior finding that Pough's plea was knowingly and intelligently entered. *State v. Pough,* 11th Dist. Trumbull No. 2010-T-0117, 2011-Ohio-3630, ¶ 22, 26 (*Pough V*).

3

{¶9} On June 8, 2015, Pough filed a Presentence [sic] Motion to Withdraw the Guilty Plea for the Breach by the State Authorities, ODRC, [and] Adult Parole Authorities. On the same date, Pough filed a Motion Requesting a Revised Sentencing Entry, contending that the trial court should amend its judgment to place him on post-release control when/if he is released from prison. On July 23, 2015, Pough filed a Motion for Correction of Judgment Pursuant to Crim. Rule 36, asserting a nunc pro tunc entry should be issued on this ground. These motions were denied on August 4, 2015.

{¶10} Pough filed a "Notice of Appeal," purporting to seek relief by way of mandamus and procedendo on August 26, 2015, requesting "an order from this court directing the trial court to issue a revised sentencing entry informing him of post-release control." *State ex rel. Pough v. McKay*, 11th Dist. Trumbull No. 2015-T-0094, 2015-Ohio-4642, ¶ 4 (*Pough VI*). This matter was dismissed due to "extensive procedural deficiencies." *Id.* at ¶ 11.

{¶11} Pough appealed from the trial court's August 4, 2015 Judgment Entry. This court rejected Pough's arguments relating to the withdrawal of his plea and the lack of jail time credit as barred by the doctrine of res judicata. *State v. Pough*, 11th Dist. Trumbull No. 2015-T-0095, 2016-Ohio-1315, ¶ 23, 34 (*Pough VII*).

{¶12} On June 9, 2016, Dennis Watkins, as Trumbull County Prosecutor, filed a Complaint to Designate Defendant as a Vexatious Litigator, requesting the trial court to issue an order prohibiting Pough from instituting legal proceedings without obtaining leave, outlining his various filings and emphasizing their repetitive nature.

{¶13} Pough filed a Motion to Dismiss on July 8, 2016, which was opposed by Watkins. The trial court issued a Judgment Entry denying the Motion on August 3, 2016.

{¶14} Watkins filed a Motion for Summary Judgment on August 11, 2016, which was opposed by Pough on the grounds that it was premature.

{¶15} Pough filed an Answer and Counterclaim on August 19, 2016. The Counterclaim raised various alleged issues with the statute governing vexatious litigators, requesting that it be declared unconstitutional. Watkins filed a Motion to Strike, arguing that it was not properly served and was untimely.

{¶16} Pough filed an Amended Opposition Against Plaintiff's Motion for Summary Judgment on September 9, 2016.

{¶17} The trial court issued a Judgment Entry on October 3, 2016, granting summary judgment in favor of Watkins and declaring Pough a vexatious litigator.

{¶18} Pough timely appeals and raises the following assignments of error:

{¶19} "[1.] The trial court abused its discretion when it certified the judgment entry with the no just reason for delay finding.

{¶20} "[2.] The trial court abused its discretion when it allowed the appellee to file a premature motion for summary judgment.

{¶21} "[3.] The trial court erred when it granted the appellee's motion for summary judgment."

{¶22} In his first assignment of error, Pough argues that the entry from which he appeals should not include a "no just reason for delay" finding pursuant to Civ.R. 54(B)

5

and that the matter should not be appealable until all pending issues before the trial court are resolved.

{¶23} Pursuant to Civ.R. 54(B), if more than one claim is presented for relief, including a counterclaim, "the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay."

{¶24} "In making its factual determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355, 617 N.E.2d 1136 (1993).

{¶25} Pough contends that "the face of the order resembles a final order" but that the trial court has not yet addressed his counterclaim and should not have included no just reason for delay language since the matters before the court were "intertwined" and should be addressed together.

{¶26} While a trial court has wide discretion to determine whether to include Civ.R. 54(B) language to allow an appeal from an order where claims remain pending, we need not reach this issue. The only claim Pough alleges remains pending is his "counterclaim," which amounted to arguments that R.C. 2323.52, the vexatious litigator statute, is unconstitutional. The trial court addressed these arguments in its Judgment Entry, finding that the Ohio Supreme Court has declared the vexatious litigator statute constitutional in its entirety, citing *Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656

6

(2000). As the court had ruled on all pending matters, the Judgment Entry stated that the "case [was] concluded." Thus, while the court included the "no just cause for delay" language, it was unnecessary to make the order final. There is nothing left to rule upon, and Pough's argument that the judgment is not final and, thus, that the Civ.R. 54(B) "finding" should be stricken, lacks merit. Pough's disagreement with the trial court's ruling on the constitutionality issue does not render its judgment non-final.

{¶27} The first assignment of error is without merit.

{¶28} In his second assignment of error, Pough argues that the trial court erred by ruling on the Motion for Summary Judgment, as it was filed prematurely.

{¶29} Civ.R. 12(A)(1) provides that "[t]he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him," but this period of time is extended by the filing of a Civ.R. 12 motion to dismiss. "[I]f the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action." Civ.R. 12(A)(2)(a).

{¶30} Pursuant to Civ.R. 56(A), "[a] party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party."

{¶31} In the present matter, the Complaint was filed on June 9, 2016, and Pough had 28 days after service to file his answer. However, after requesting an extension, Pough filed a Motion to Dismiss on July 8, 2016, which was denied by the trial court on August 3, 2016. Pough had 14 days after "notice of the court's action" to file his answer. Pursuant to Civ.R. 56, a motion for summary judgment would have been

7

properly filed after that date. Watkins filed his Motion for Summary Judgment on August 11, 2016.

**{¶32}** The Motion for Summary Judgment was filed before the date for filing set forth in the foregoing rules. However, Pough fails to point to authority to support his conclusion that this warrants reversal. Pough filed an Answer and Counterclaim, and, as noted above, his counterclaim was addressed by the trial court. He was able to file a lengthy opposition to the Motion for Summary Judgment on September 9, 2016. The trial court did not rule on the summary judgment request until October 3, 2016, and noted that it had considered Pough's response. Pough was not deprived of the opportunity to defend against the vexatious litigator claim by the early filing of the Motion for Summary Judgment. Pursuant to Civ.R. 61, "no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." Moreover, "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Id.* Given the facts presented here, there was no defect that affected Pough's substantial rights.

**{¶33}** The second assignment of error is without merit.

**{¶34}** In his third assignment of error, Pough presents various arguments in support of his contention that the court should not have declared him a vexatious litigator.

**{¶35}** Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

**{¶36}** A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers,* 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

**{¶37}** Pursuant to R.C. 2323.52(B), a prosecuting attorney "who has defended against habitual and persistent vexatious conduct" in the courts "may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator."

**{¶38}** "Vexatious conduct" includes "conduct of a party in a civil action that satisfies any of the following":

> (a) The conduct obviously serves merely to harass or maliciously injure
> another party to the civil action.

9

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

R.C. 2323.52(A)(2). A vexatious litigator is one who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions * * *." R.C. 2323.52(A)(3).

**{¶39}** As an initial matter, Pough argues that the court dockets attached to the Motion for Summary Judgment should not have been considered by the lower court. However, this court has found it appropriate to take judicial notice of a trial court docket. *Hutz v. Gray*, 11th Dist. Trumbull No. 2008-T-0100, 2009-Ohio-3410, ¶ 38-40, citing *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994) ("It is axiomatic that a trial court may take judicial notice of its own docket."). *Compare State ex rel. DeBolt v. Inderlied*, 11th Dist. Portage No. 2009-P-0081, 2010-Ohio-5306, ¶ 12 ("a trial court in a civil action [has] the ability to take judicial notice of any 'decisional' law that has previously been released in this state").

**{¶40}** Pough next argues that he could not be found a vexatious litigator because criminal litigation is not applicable for this purpose.

**{¶41}** As stated above, the vexatious litigator statute applies to conduct in a civil action. R.C. 2323.52(A)(2). While it is accurate that the initial filings prior to conviction and the direct appeal in the underlying criminal matter are not considered for the

10

purposes of making a vexatious litigator finding, the subsequent motions, appeals, and original actions were generally of a civil nature. It has been repeatedly held that a "postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Motions filed after conviction and sentencing seeking to render a judgment void, such as those to resentence, have been repeatedly construed as postconviction petitions. *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446, ¶ 16; *see also State v. Jordan*, 8th Dist. Cuyahoga No. 100686, 2014-Ohio-2408, ¶ 7, fn. 1 (relitigation of issues through postconviction motions can warrant a determination that a defendant is a vexatious litigator).

**{¶42}** Pough next takes issue with the finding that he is a vexatious litigator. Given Pough's repeated filings and initiation of appeals, all of which lacked any arguable merit, the lower court properly exercised its power to declare him a vexatious litigator.

> The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources—resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.

(Citation omitted.)  *Mayer*, 91 Ohio St.3d at 13, 740 N.E.2d 656.

{¶43} As the trial court noted, Pough has filed over 60 motions relating to his conviction and subsequent attempts to have the conviction and sentence overturned. While we recognize that some of these motions were procedural, the number of motions is not particularly significant.   Rather, Pough's repeated attempts to raise the same issues, his lack of compliance with procedural rules, and the amount of time expended on resolving these matters is of importance.

{¶44} A party may be declared a vexatious litigator when he has "habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions" and when "the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."  R.C. 2323.52(A)(2)(b) and (3).  A review of Pough's filings for an ongoing period that spans 14 years establishes that his conduct meets these conditions.

{¶45} Pough has filed three appeals in which he raised the same issue: the voluntary nature of his guilty plea.  In his 2002 direct appeal, he asserted that his plea "was less than knowing and voluntary."  *Pough I*, 2002-Ohio-6927, at ¶ 14.  This court reviewed the plea proceedings and rejected that argument.  *Id.* at ¶ 45.  Nonetheless, in 2011 and again in 2015, Pough raised arguments before this court that his plea was not voluntarily given.  Multiple specific and identical arguments relating to the voluntariness of the plea were set forth on both occasions.  These arguments were again rejected, and this court explained that they were barred by the doctrine of res judicata.  *Pough VII*, 2016-Ohio-1315, at ¶ 23.  As this court has previously noted, a justification for declaring a litigator vexatious occurs when he "insists on raising and re-raising

12

arguments which have been rejected by the trial court, and this court, sometimes repeatedly." *Joyce v. Godale*, 11th Dist. Geauga No. 2008-G-2817, 2009-Ohio-2439, ¶ 46 (filing eleven appeals and various motions justified designation as a vexatious litigator).

{¶46} Furthermore, Pough filed original actions before this court on two occasions, in 2007 and 2015, in both cases failing to follow the proper procedural requirements. While this court clearly indicated in *Pough IV*, 2007-Ohio-4223, that the procedural filing requirements must be met, in 2015 he again proceeded to file an original action that was frivolous and could not be considered by this court for the same reasons as his prior action. This is the type of "baseless litigation," which places a burden on the courts and prevents "the speedy consideration of proper litigation," which R.C. 2323.52 seeks to discourage. *See Mayer*, 91 Ohio St.3d at 13, 740 N.E.2d 656.

{¶47} Attempts to downplay the significance of the various appeals necessarily fail. For example, although *Pough VI* and *VII* relate to the same underlying denial of various motions, this raises the question of why Pough would file a separate original action when he should file a proper notice of appeal. Rather than providing a justification to deny the appellee's request to declare Pough a vexatious litigator, this only further reinforces the frivolousness of his filings and the lack of reasonable grounds to support his actions. Further, while *Pough II* and *III* relate to the denial of similar motions around the same time, *Pough II* indicates that his appeal was dismissed as being untimely filed. This is another example of an improper action filed by Pough which this court had to expend resources disposing of due to Pough's failure to comply with applicable rules. Given that Pough has repeatedly filed unmeritorious motions and

13

appeals, frequently based upon identical arguments, the trial court's decision to declare Pough a vexatious litigator is properly upheld.

{¶48} Finally, Pough argues that the vexatious litigator statute is unconstitutional. As the trial court found, this issue has been fully addressed, after an extensive analysis, by the Supreme Court in *Mayer*, which held that "R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety." *Id.* at paragraph one of the syllabus. Pough presents no substantive, meritorious argument to the contrary. Instead, he argues that this issue should not have been ruled upon because Watkins did not file an answer and Pough did not file a motion for summary judgment. However, these were not necessary to demonstrate that the law is constitutional, given the clear ruling on this issue by the Supreme Court; no presentation of additional facts would change this outcome. Given the Supreme Court's ruling on this issue, we decline to allow further conduct to delay the proceedings to again argue a point that has been settled.

{¶49} The third assignment of error is without merit.

{¶50} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, granting Watkins' Motion for Summary Judgment and declaring Pough to be a vexatious litigator, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

14

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶51} I respectfully dissent.

{¶52} In its Judgment Entry granting the motion for summary judgment the trial court notes that Pough "has filed cases resulting in <u>seven</u> related appeals before the Eleventh District Court of Appeals." While it is correct to state that this court has dealt with seven appeals involving Pough, it is <u>not</u> correct to state that all seven of these cases can be considered in determining whether Pough is a vexatious litigator. The appeal in *Pough I* is actually the result of Pough's criminal conviction. Under the clear language of R.C. 2323.52, Pough's appeal of his criminal conviction cannot be considered in an action to declare him a vexatious litigator.

{¶53} Of the remaining six appeals that Pough has filed with this court, this writer notes that *Pough II* and *Pough III* were filed in response to the trial court filing two judgment entries denying his motion for postconviction relief. On August 27, 2003 the trial court dismissed Pough's motion and on August 29, 2003 the trial court issued another judgment entry denying the motion and the additional motions Pough filed on August 28, 2003.

{¶54} This court dismissed the appeal of the August 29, 2003 trial court judgment as Pough filed late. (*Pough II*). This court affirmed the trial court's denial of the petition for postconviction relief contained in its August 27, 2003 judgment entry. (*Pough III*). It is not surprising that a pro se plaintiff, seeing two dismissals of his motion on the docket, might file an appeal of both orders. It seems clear that by filing two

15

appeals Pough was acting to make sure that he preserved his right to appeal.

{¶55} *Pough IV* (filed in 2007) involved a public records request that Pough filed in the trial court seeking copies of discovery documents related to his original criminal case. Pough filed a writ of mandamus with this court in order to obtain the documents. The writ was dismissed on procedural grounds.

{¶56} On November 4, 2010, the trial court denied Pough's 2009 Motion for Sentencing Clarification and a 2010 motion alleging that the trial court violated the plea agreement. This court affirmed, determining that with the latter motion, Pough was seeking to withdraw his guilty plea under Crim.R. 32.1. This court additionally held that Pough was not entitled to credit for time served in his federal case. *State v. Pough,* 11th Dist. Trumbull No. 2010–T–0117, 2011–Ohio–3630, ¶22 (*Pough V*).

{¶57} On June 8, 2015, Pough filed a Presentence sic Motion to Withdraw the Guilty Plea for the Breach By the State Authorities, ODRC, and Adult Parole Authorities. In this Motion, he argued that his guilty plea was not intelligently given since he had been advised during the plea process that he would receive post-release control but was not ordered to be placed on such control. This led to confusion regarding whether he would be required to follow the terms of parole supervision if parole was granted. On the same date, Pough filed a Motion Requesting a Revised Sentencing Entry, contending that the court should amend its judgment to place him on post-release control when/if he is released from prison.

{¶58} On July 23, 2015, Pough filed a Motion for Correction of Judgment Pursuant to Crim.R. 36, asserting a nunc pro tunc entry should be issued on the foregoing ground. On the same date, he filed a Motion Seeking Leave to Amend the

32.1 Motion, requesting leave to add "a *Boykin v. Alabama* claim." The State filed a Response on August 3, 2015. On August 4, 2015, the trial court filed a Judgment Entry denying Pough's motion.

**{¶59}** On August 26, 2015, Pough filed an original action for Writs of Mandamus and Procedendo in an attempt to appeal the August 4, 2015 Judgment Entry. This court dismissed Pough's filing as it was neither a valid notice of appeal nor a properly instituted original action. *State of Ohio ex rel. Lance Pough v. Judge W. Wyatt McKay,* 11th Dist. Trumbull No. 2015–T–0094, 2015–Ohio–4642 (*Pough VI*).

**{¶60}** Also on August 26, 2015, Pough filed a proper appeal of the trial court's judgment entry of August 4, 2015. Pough again argued, but for different reasons, that his plea was involuntary. Nevertheless, this court affirmed the trial court. *State v. Pough,* 11th Dist. Trumbull No. 2015–T–0095, 2016–Ohio–1315 (*Pough VII*). This court noted that Pough's appeal was barred by res judicata as it could have been raised in his initial appeal, *Pough I,* and that this was the same argument that had been raised in *Pough V.*

**{¶61}** Considering the "seven" appeals involving Mr. Pough before this court, this writer notes the following:

**{¶62}** *Pough I* (2002) involved an appeal of right of Pough's original criminal conviction and cannot be considered in an action to declare him a vexatious litigator under the clear language of R.C. 2323.52(A)(2).

**{¶63}** *Pough II* (2003) and *Pough III* (2004) were the result of the trial court issuing two judgment entries (nearly simultaneously) denying his motion for postconviction relief. For purposes of this writer's analysis, *Pough II* and *Pough III*

17

should be treated as one appeal.

{¶64} *Pough IV* (2007) was a writ of mandamus seeking copies of discovery documents related to his original criminal case that was dismissed on procedural grounds.

{¶65} *Pough V* (2011) involved various motions that this court interpreted as an attempt by Pough to withdraw his guilty plea. The trial court was affirmed.

{¶66} *Pough VI* and *Pough VII* (2015) involved Pough's attempt to file an original action and direct appeal of the trial court's denial of various motions filed by Pough in an attempt to withdraw his guilty plea. For purposes of this writer's analysis, *Pough VI* and *Pough VII* should be treated as one appeal.

{¶67} In its judgment entry the trial court noted <u>seven</u> related appeals involving Pough before this court (emphasis in the original). However, as noted above, *Pough I* cannot be considered when making a vexatious litigator determination. By excluding *Pough I*, and combining *Pough II* and *Pough III,* as well as *Pough VI* and *Pough VII*, this writer avers that we are effectively left with <u>four</u> appeals filed by Pough from 2003 through 2015. The trial court and majority note that Pough's filings with this court exceed 60 documents.

{¶68} This writer's review of *Pough I* through *Pough VII* shows that Pough has filed 61 motions seeking redress from this court. However, 24 of these motions were filed in *Pough I,* Pough's appeal of right from his criminal conviction. Of the remaining 37 motions filed in *Pough II* through *Pough VII*, only 16 motions are of a substantive nature that required this court to expend significant time and energy to resolve them. The 21 remaining motions can be categorized as "housekeeping" motions such as

motion for extensions of time or motions to supplement a prior filing.

{¶69} "'The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources—resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.'" *Mayer v. Bristow,* 91 Ohio St.3d 3, 13 (2000), quoting *Central Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50 (1998).

{¶70} The Fifth District has determined that 50 lawsuits over a 20 year period against various state agencies and its employees supported the trial court's ruling on summary judgment that inmate was a vexatious litigator. *Harris v. Smith,* 5th Dist. Richland No. 2011CA0108, 2012–Ohio–3547. The Eighth District held that the filing of 23 appeals and 13 original actions over a ten-year period was sufficient to affirm the trial court's ruling on summary judgment that inmate was a vexatious litigator. *State ex rel. McGrath v. McClelland,* 8th Dist. Cuyahoga No. 97209, 2012-Ohio-157.

{¶71} This writer does not feel that reasonable minds could come to no other conclusion that (effectively) four appeals filed over 13 years, related to a defendant's underlying criminal case, constitutes vexatious litigation. Nor would 16 substantive motions filed over 13 years seem to place an unreasonable burden upon this court or prevent our speedy consideration of other litigation.

{¶72} Pough's filings, particularly *Pough V* and *Pough VII* might be duplicative,

19

but this writer cannot conclude that they were filed to harass or that they are not warranted under existing law. As such this writer would find that genuine issues of material fact exist as to whether Pough engaged in vexatious conduct.

**{¶73}** Additionally, this writer's review of the case law fails to find a case where a court has declared a defendant a vexatious litigator based solely upon postconviction motions and appeals that were filed by the defendant related to their underlying criminal case. Nor has the majority cited to such a case.

**{¶74}** I respectfully dissent.