[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Reese v. Ohio Dept. of Rehab. & Corr. Legal Dept.*, Slip Opinion No. 2022-Ohio-2105.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2105

THE STATE EX REL. REESE *v*. OHIO DEPARTMENT OF REHABILITATION AND CORRECTION LEGAL DEPARTMENT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Reese v. Ohio Dept. of Rehab. & Corr. Legal Dept.*, Slip Opinion No. 2022-Ohio-2105.]**

*Public records—R.C. 149.43—Mandamus—Writ granted in part and denied in part.*

(No. 2021-0868—Submitted April 12, 2022—Decided June 23, 2022.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Thomas Reese, is a former inmate of the Southern Ohio Correctional Facility ("SOCF"). He seeks a writ of mandamus compelling respondent, the Ohio Department of Rehabilitation and Correction ("DRC"), and particularly its "legal department," to provide records he requested in December 2017 and April 2021 under Ohio's Public Records Act, R.C. 149.43. Reese also

seeks an award of statutory damages and leave to amend his mandamus complaint to include additional respondents.

**{¶ 2}** Because DRC withheld some of the requested records based on a public-records exception that is inapplicable to this case, we grant the writ in part. We deny Reese's request for statutory damages and his request to add other respondents to the action.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *The December 2017 Requests*

**{¶ 3}** On December 1, 2017, while incarcerated at the Northeast Ohio Correctional Center ("NEOCC"), Reese sent a records request by institutional mail addressed to inmate-records officers identified as "Ms. Steepleton" and "Mr. Watkins."  He requested "mental health diagnoses from Dr. King and current case load status, medical records pertaining to chronic conditions or treatment for same, [and] pack-up slips from 2007 and 2009."  Reese requested the documents on a form for requests made under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. 552.  Reese contends that he needed this information to prove his claims in a then-pending lawsuit in the Ohio Court of Claims.

**{¶ 4}** According to Reese, he later sent a letter dated December 29, 2017, requesting "several documents from [his] inmate medical and mental health file" from DRC's legal department and the Ohio Attorney General's Office.  Reese's letter stated that he had requested those records from the facility in which he was incarcerated at the time but was denied access to them under DRC Policy 07-ORD-11.[1]  Reese does not say so expressly, but it appears that he sought the same medical

---

1.  DRC Policy 07-ORD-11 establishes procedures for maintaining the confidentiality of inmates' medical, mental-health, and recovery-services files.  The policy contains rules governing when and how an inmate may view his or her personal medical, mental-health, and recovery-services files. *Id.*

and mental-health records in the December 29 letter that he sought from "Ms. Steepleton" and "Mr. Watkins" in his December 1 FOIA request.

{¶ 5} Reese alleges that the documents he requested were never provided to him. He says that as a result, the Court of Claims denied his claims for which the documents were necessary. Reese unsuccessfully attempted to appeal the Court of Claims' judgment, and he was ordered to pay $47.00 in court costs.

### B. The April 2021 Requests

{¶ 6} Attached to Reese's complaint is a letter from Reese to the "O.D.R.C. Legal Dept.," dated April 14, 2021. In the letter, Reese stated that he was requesting access to and copies of records pursuant to FOIA and R.C. 149.43(B). Reese requested in the letter 12 items relating to an incident that occurred on December 18, 2019, during which "ODRC agents" allegedly assaulted Reese and "misplaced" his personal property:

1. Video footage from NEOCC's camera system "in photo clip form" showing "D-2-4-6" from 7:25 p.m. to 7:35 p.m.;

2. The investigative report of "the Ohio State patrolmen" dated December 18, 2019, regarding an alleged assault of Reese by a corrections officer;

3. "R.I.B.[2] records, appeals, conduct reports, witness statements and other correspondence to Columbus legal team and C.I.I.C. in R.I.B. case #19-008139, transcribed";

4. Investigative reports and use-of-force reports "conducted on December 18, 2019";

5. Conduct reports written against Reese by "case manager Madeline at NEOCC on or about November 2019";

6. The "[b]ody medical index" of Reese "and [corrections officer] Townsend conducted" on December 18, 2019, at NEOCC;

---

2. Though not defined by either party here, the acronym "R.I.B." presumably refers to the "rules infraction board" of an Ohio prison. *See* Ohio Adm.Code 5120-9-08.

7. The "[p]ack-up slip" from Franklin Medical Center ("FMC") dated July 16, 2020;

8. "Pack-up slips from SOCF" dated October 1, 2020, and November 2020;

9. Dental records "done at FMC between May 2020 and June 2020";

10. X-rays and medical-exam reports regarding Reese's right hand and back conducted between March 2020 and July 2020;

11. X-rays of Reese's back taken on December 1, 2020, January 29, 2021, and February 2, 2021; and

12. The "reports and findings" of an "M.R.I. done on" December 23, 2020, and an "E.E.G. done on" January 20, 2021.

Reese alleges that DRC did not respond to these requests prior to his filing of this mandamus action.

### C. Reese Commences this Action

{¶ 7} Reese commenced this action on July 13, 2021, seeking a writ of mandamus ordering DRC to provide copies of the requested documents and seeking an award of statutory damages. We granted an alternative writ and ordered the parties to file merit briefs and submit any evidence they intended to present. 164 Ohio St.3d 1454, 2021-Ohio-3438, 174 N.E.3d 802.

{¶ 8} DRC filed evidence showing that it responded to Reese's April 14, 2021 public-records request on August 5, 2021. DRC provided copies of documents responsive to request No. 5 of the April 14 letter. However, DRC did not provide any records in response to Reese's other requests, citing various reasons: (1) some of the records were not in DRC's possession, (2) video footage was not kept in the format Reese had requested, and (3) other records were exempt from disclosure under R.C. 5120.21(F), which pertains to "records of inmates." DRC also informed Reese that the Ohio State Highway Patrol ("OSHP") was the public office that maintains records such as those sought in request No. 2 of the April 14 letter. DRC contends that it provided Reese copies of all public records

responsive to the April 14 request that were in its possession. DRC does not mention the December 1 or December 29, 2017 requests in either its merit brief or evidence.

**{¶ 9}** Following the close of briefing, Reese filed a "request to add to mandamus," in which he asked this court to add "[OSHP] Central Records" and "[OSHP] Southington Post" as respondents in this case. DRC did not respond to that request.

## II. ANALYSIS

**{¶ 10}** Mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Reese must demonstrate by clear and convincing evidence (1) that he has a clear legal right to the requested relief and (2) that DRC has a clear legal duty to provide it. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. We construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). "Exceptions to disclosure under the Public Records Act are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 23. To meet its burden of establishing the applicability of an exception, the records custodian must prove that the requested records "fall squarely within the exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10.

### A. The December 2017 Requests

**{¶ 11}** In Reese's December 1, 2017 records request, he specified that he made the request pursuant to the federal FOIA. Indeed, Reese submitted a form specific to FOIA requests and did not refer to R.C. 149.43 as a basis for his request.

Accordingly, Reese's mandamus claim based on the December 1 request lacks merit, because FOIA applies only to federal entities. *See State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 33; 5 U.S.C. 551(1) and 552(f).

**{¶ 12}** As to Reese's December 29, 2017 request, it appears that he directed it to the "O.D.R.C. Legal Dept." and the "Ohio Attorney General." Reese requested the same records that he sought in the December 1 FOIA request but cited R.C. 149.43 as a basis for his request. There is no evidence in the record, however, to show that Reese sent the December 29 request to DRC. In the affidavits accompanying Reese's complaint and merit briefs, Reese states that he sent the December 1 request to DRC but does not state that he sent the December 29 request. Reese's complaint alleges only that he sent the December 1 request and not the December 29 request. And although the copy of the December 1 request that Reese submitted to this court includes a notation that it was sent "by institutional mail," there is no similar indication as to the December 29 request.

**{¶ 13}** Reese bears the burden of pleading and proving facts showing that he requested a public record pursuant to R.C. 149.43(B)(1) and that DRC did not make the record available to him. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26. Reese has neither pleaded nor proven that he sent the December 29, 2017 request to DRC. He is therefore not entitled to relief in mandamus regarding that request.

*B. The April 2021 Requests*

**{¶ 14}** Reese acknowledges that DRC provided "a partial response" to his April 14, 2021 requests, which he received on August 6, 2021. However, he contends that he is entitled to (1) the documents withheld by DRC and (2) statutory damages. Reese is correct that he is entitled to some of the withheld records, but he is not entitled to statutory damages.

### 1. Request No. 1

{¶ 15} In request No. 1 of the April 14, 2021 letter, Reese sought video footage of a specified area of NEOCC "in photo clip form" for the period of 7:25 p.m. to 7:35 p.m. on December 18, 2019. DRC responded that "[s]ecurity camera footage is not maintained in this format and DRC is unable to convert thirty minutes of footage to screen frames. Please narrow the timeframe of your request."

{¶ 16} A public office is not required "to create a new document by searching for and compiling information from its existing records." *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274, 695 N.E.2d 256 (1998). Here, Reese asked DRC to convert ten minutes of security video to "photo clip form." But according to DRC, video footage from the security-camera system is not maintained in that format. Reese has effectively asked DRC to create a new record out of existing video footage in a format that it does not use. The Public Records Act does not require DRC to do this.

{¶ 17} It is true that DRC's response asked Reese to "narrow the timeframe" of his request because DRC "is unable to convert thirty minutes of footage to screen frames." Further, it appears that DRC misread the request as asking for 30 minutes of video footage, because Reese asked for photo-clip footage of only a ten-minute period of the video. But the fact that DRC may have offered to convert a shorter period of the video to screen frames does not mean that the Public Records Act requires it to do so. The evidence before this court indicates that the security-camera footage is not maintained in the format that Reese seeks and that DRC's efforts to convert the video to that format would require DRC to create a new record. Reese is therefore not entitled to a writ of mandamus as to request No. 1 of the April 14 letter.

### 2. Request No. 2

{¶ 18} In request No. 2 of the April 14, 2021 letter, Reese asked for investigative reports prepared by "the Ohio State Patrolmen" relating to an alleged

assault of Reese. DRC responded that it did not have those records and that they may be in OSHP's possession.

{¶ 19} Reese does not dispute that OSHP, not DRC, is the entity that would possess the reports. Because he has failed to prove that the reports are in DRC's custody, he has not shown that DRC has a clear legal duty to produce them. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 10.

### 3. Request Nos. 3, 7, and 8

{¶ 20} DRC withheld records responsive to Reese's requests in the April 14, 2021 letter for "R.I.B." records (request No. 3) and "pack-up slips"[3] from FMC and SOCF (request Nos. 7 and 8) on the basis that those records were exempt from public-records disclosure under R.C. 5120.21(F). R.C. 5120.21(F) provides: "Except as otherwise provided in division (C) of this section, records of inmates committed to [DRC] as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised Code."[4]

{¶ 21} In support of its argument that R.C. 5120.21(F) applies to the records involved in these requests, DRC relies exclusively on this court's decision in *State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. & Corr.*, 165 Ohio St.3d 368, 2021-Ohio-1762, 179 N.E.3d 1150 (plurality opinion). The lead opinion in *Hogan Lovells*, which was joined by only three members of this court, stated that R.C. 5120.21(F) "broadly exempted records that relate or refer to inmates," rejecting the requester's argument that the exemption applied only to inmate

---

3. Neither party explains what "pack-up slips" are. Reese's allegations suggest that these slips include inventories of his personal property.

4. R.C. 5120.21(C)(2) requires DRC to compile and maintain medical records for every inmate and allows an inmate's records to be inspected by the inmate's attorney or physician upon request by the inmate and his or her attorney or physician.

records specified elsewhere in R.C. 5120.21. *Id.* at ¶ 36-39. The lead opinion therefore said that DRC properly withheld records relating to its preparation for a specific prisoner's scheduled execution, taking the position that the records were "records of inmates" under R.C. 5120.21(F). *Id.* at ¶ 8, 40, 41.

**{¶ 22}** Similarly, DRC argues in this case that the records sought in request Nos. 3, 7, and 8 contain information that specifically relates to an inmate—Reese. And DRC contends that under the lead opinion in *Hogan Lovells*, such records are exempt from disclosure under R.C. 5120.21(F). However, in *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, ___ Ohio St.3d ___, 2022-Ohio-1765, ___ N.E.3d ___, ¶ 16-22, a majority of this court declined to apply the R.C. 5120.21(F) exemption to records that are not otherwise covered by R.C. 5120.21. This court reasoned, "[I]n the context of the entire statute, the term 'records of inmates' in R.C. 5120.21(F) logically refers to the records mentioned elsewhere in R.C. 5120.21, clarifying that such records are not public records." *Id.* at ¶ 22. Thus, in *Mobley*, we held that R.C. 5120.21(F) did not exempt certain records within the "inmate master file" requested in that case because they were not records identified in R.C. 5120.21. *Id.* at ¶ 12-26. Nor were the records at issue in *Mobley* exempt from public-records disclosure under any other statute. *Id.*

**{¶ 23}** In this case, as with the records at issue in *Mobley*, DRC does not argue that the "R.I.B." documents or the pack-up slips requested by Reese are documents covered by R.C. 5120.21. Nor does DRC identify any statutory exemption that categorically excepts the documents from public-records disclosure. Therefore, consistent with our decision in *Mobley*, we conclude that Reese is entitled to a writ of mandamus ordering DRC to disclose the records requested in request Nos. 3, 7, and 8 of his April 14, 2021 public-records request.

### 4. Request No. 4

**{¶ 24}** In request No. 4 of the April 14, 2021 letter, Reese sought investigative reports and use-of-force reports from an incident that occurred on

December 18, 2019. On August 5, 2021, DRC wrote to Reese and informed him that its central office "does not maintain use of force reports. These records are maintained at the institution where the use of force event occurred." DRC's staff counsel also stated in the response that she was "working with NEOCC to obtain any responsive records to this request and will update this response."

{¶ 25} Notwithstanding DRC's indication that it was working to obtain the responsive records, the evidence indicates that DRC's central office—to whom Reese directed his request—does not maintain or possess the documents requested in request No. 4. Reese is therefore not entitled to mandamus relief as to this request. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 28 (a public office does not have a clear legal duty to provide copies of records that it does not possess).

### 5. Request No. 5

{¶ 26} In request No. 5 of the April 14, 2021 letter, Reese sought conduct reports concerning him written by a prison officer identified as "Madeline." DRC's evidence shows that it sent these records to Reese on August 5, 2021. Reese's mandamus claim is therefore moot as to the records identified in request No. 5. *See State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 27.

### 6. Request Nos. 6, 9, 10, 11, and 12

{¶ 27} These requests in the April 14, 2021 letter seek medical records relating to Reese. DRC informed Reese that medical records "are not available for public release" but that Reese may review his own medical records by requesting an appointment with his institution's healthcare administrator under DRC Policy 07-ORD-11.

{¶ 28} R.C. 5120.21(C) allows medical records to be inspected or copied, but only as provided in that statute. Reese's requests for medical records in request Nos. 6, 9, 10, 11, and 12 do not comply with the requirements of R.C.

5120.21(C)(2). Accordingly, Reese has not demonstrated a clear legal right to the records or a clear legal duty on DRC's part to provide them. We deny mandamus relief as to these records.

*C. "Request to Add to Mandamus"*

{¶ 29} After the close of briefing in this case, Reese filed a document titled "Request to Add to Mandamus." Reese alleges that on August 10, 2021, he requested information from OSHP's "Southington Post" and the central-records department of OSHP after learning from DRC that OSHP is the appropriate records custodian from which to request the records in request No. 2 of his April 14, 2021 letter. According to Reese, OSHP has refused to provide the information he requested. He therefore asks this court to add the "[OSHP] Southington Post" and the "[OSHP] Central Records" department as respondents in this action.

{¶ 30} Liberally construed, Reese's "request to add to mandamus" is a motion for leave to amend his complaint to state claims against OSHP. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"). The general policy of Civ.R. 15(A) favors liberal amendment of pleadings. *State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 504, 756 N.E.2d 1228 (2001); *see also* S.Ct.Prac.R. 12.01(A)(2)(b) (the Ohio Rules of Civil Procedure, unless clearly inapplicable, supplement this court's rules of practice in original actions).

{¶ 31} In this case, however, even the liberal complaint-amendment policy does not support Reese's attempt to add claims against new parties. Reese's attempt to do so is procedurally defective. If this court were to treat his request as an amended complaint asserting claims against OSHP, the amended complaint would contain no affidavit specifying the details of the claims, as required by S.Ct.Prac.R. 12.02(B). By failing to comply with the affidavit requirement, the

11

amended complaint would be subject to dismissal. *See id.* We therefore deny Reese's request for leave to add the OSHP entities as respondents.

*D. Statutory Damages*

**{¶ 32}** Reese seeks an award of statutory damages for DRC's failure to comply with the Public Records Act. R.C. 149.43(C)(2) allows a relator to recover $100 for each business day during which the respondent failed to comply with the public-records law, beginning on the date of commencement of the public-records mandamus action, and the requester may be awarded a maximum of $1,000. A requester may be entitled to statutory damages only if he or she "transmit[ted] a written request [for the public records] by hand delivery, electronic submission, or certified mail * * * to the public office or person responsible for the requested public records." *Id.*

**{¶ 33}** Reese is not eligible to receive statutory damages. He has provided no evidence that he sent the April 14, 2021 request by one of the methods of delivery authorizing statutory damages under R.C. 149.43(C)(2). Reese vaguely asserts only that he "filed" the request. And a requester who fails to prove that delivery was accomplished by one of the methods required to authorize statutory damages under R.C. 149.43(C)(2) is ineligible to receive an award of statutory damages. *State ex rel. Penland v. Ohio Dept. of Rehab. & Corr.*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 16.

## III. CONCLUSION

**{¶ 34}** For the foregoing reasons, we grant a writ of mandamus compelling DRC to produce the records requested in request Nos. 3, 7, and 8 of Reese's April 14, 2021 public-records request. We deny Reese's request for leave to add "[OSHP] Central Records" and "[OSHP] Southington Post" as respondents. We also deny Reese's request for an award of statutory damages.

Writ granted in part

and denied in part.

O'CONNOR, C.J., and KENNEDY, FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Thomas Reese, pro se.

Dave Yost, Attorney General, and Kelly D. Becker, Assistant Attorney General, for respondent.

————————————