[Cite as *Jones v. Allen Cty. Common Pleas Court*, 2023-Ohio-1863.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| BRANDON MICHAEL JONES | Case No. 2023-00351PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| ALLEN COUNTY COMMON PLEAS COURT | |
| Respondent | |

{¶1} This matter is before the special master following a R.C. 2743.75(D)(2) review of the complaint. Based on that review, the special master recommends that this case be dismissed because the complaint fails to state a claim for relief.

**I.  Background**.

{¶2} Requester Brandon Jones was apparently a litigant in several cases before various courts in Allen County. Those cases dated from the late 1980s to the early 1990s. Mr. Jones sought copies of records related to those cases from the Allen County Clerk of Courts, but his request was denied. *Complaint*, pp. 4-7.[1]

{¶3} Mr. Jones then filed this case, naming the Allen County Court of Common Pleas as the only respondent. The Clerk of Courts has not been named as a respondent.

**II.  Analysis.**

{¶4} R.C. 2743.75(D)(2) requires the special master to examine complaints and authorizes him to recommend dismissal in appropriate cases. Dismissal is appropriate if the complaint fails to state a claim upon which relief can be granted. *Thompson v. Cuyahoga Cty. Sheriff's Dept*., Ct. of Cl. No. 2018-00251PQ, 2018-Ohio-1577, ¶ 11 (McGrath, J.); *Paramount Advantage v. Ohio Dept. of Medicaid*, Ct. of Cl. No. 2021-00262PQ, 2021-Ohio-4180, ¶ 27. See also *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's online docket, rather than to any internal pagination of the filings.

158, 161, 656 N.E.2d 1288 (1995) ("sua sponte dismissal without notice is appropriate where *** the claimant obviously cannot prevail on the facts alleged in the complaint"). That is appropriate here because Mr. Jones' complaint does not allege that he has been aggrieved by the only respondent he sued.

{¶5} This case was filed pursuant to R.C. 2743.75. Both R.C. 149.43(C)(1) and R.C. 2743.75(D)(1) require that the party invoking R.C. 2743.75 be "allegedly" "aggrieved" by a violation of R.C. 149.43(B). One cannot be aggrieved unless he has made a public records request to the party he sues. He is not aggrieved, and hence has no claim, if he has not made a request to that party.

{¶6} That is illustrated by *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076. In that case several requesters made public records requests to one office (a university and its police department), but sued another office (the prosecuting attorney) to enforce the requests. The requesters made no requests to the office they sued. The Court first observed that one must be "a person allegedly *** aggrieved" to sue on a public records request, and "that in order to be a person aggrieved *** one must first request records from the public office." *Id.* at ¶ 20. It then concluded that because the "lawsuit was brought against only the prosecuting attorney, these [requesters] are not 'aggrieved' by the prosecutor's failure to produce the" requested records. *Id.*

{¶7} That same pattern is present here. Mr. Jones made a public records request to one office (the Clerk of Courts), but sued another office (The Common Pleas Court) to enforce the request. The Clerk of Courts is a separate office from the Common Pleas Court, *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, 203 N.E.3d 665, ¶ 15, so a request to the Clerk does not establish that Mr. Jones was aggrieved by the Court, the only respondent sued here. Mr. Jones claim against the Court therefore fails as a matter of law. The special master recommends that the claim be dismissed.

## III. Conclusion.

{¶8} The special master recommends that the court dismiss this case pursuant to R.C. 2743.75(D)(2).

_____

TODD MARTI
Special Master

**Filed May 30, 2023**
**Sent to S.C. Reporter 6/5/23**