[Cite as *State ex rel. Guess v. Clark*, 2024-Ohio-1075.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State, ex rel. Bo Guess                                    Court of Appeals No. L-24-1001

　　　Relator

v.

Thomas Clark, et al.

　　　Respondents                              **<u>DECISION AND JUDGMENT</u>**

　　　　　　　　　　　　　　　　　　　　Decided:  March 22, 2024

* * * * *

Bo Guess, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} In this original action, the petitioner, Bo Guess, seeks an "emergency * * * writ of mandamus to enforce R.C. 149.43" and to compel the respondents, "Thomas Clark et al," to provide disciplinary logs of prison staff at the Toledo Correctional Institute.  Because Guess's petition fails to plead facts that, if true, establish his right to

relief and because he failed to comply with the mandatory filing requirements set forth in R.C. 2969.25, we dismiss the petition.

## I. The Petition

{¶ 2} Guess's petition is 16 pages in length and handwritten. Guess's handwriting is so illegible as to render most of the document incomprehensible. Using our best efforts to discern what Guess is attempting to argue, we offer the following interpretation of Guess's petition.

{¶ 3} Guess identifies himself as a "prison-lawyer, activist [and] disabled vet" at "ToCI" [Toledo Correctional Institute] in Toledo. He identifies respondent, Thomas Clark, as a "combined, OCM, [illegible] coordinator, human trafficker, gang member, warden's asst record's office." Guess seeks a writ of mandamus compelling Clark and other "unknown" respondents to "provide [Guess], and at no cost (indigent) of all ToCI prison staff names, ranks and disciplinary logs of them since ToCI opened." Guess complains that "they refuse" to provide the information and logs, in violation of R.C. 149.43. Guess acknowledges that "partials lists" have already been provided. He claims that "guards stole them," which he acknowledges he "can't prove."

## II. Legal Analysis

{¶ 4} "Mandamus is [an] appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 172 Ohio St. 3d 438, 2023-Ohio-1177, 224 N.E.3d 1086, ¶ 20, quoting *Physicians Commt. for Responsible Medicine*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; *see*

2.

*also* R.C. 149.43(C)(1)(b). "In such a case, the requester must prove a clear legal right to the requested record and a corresponding clear legal duty on the part of the custodian to provide it, *State ex rel. Penland v. Ohio Dept. of Rehab. & Corr.*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9, by clear and convincing evidence, *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16." *State ex rel. Myers v. Meyers*, 169 Ohio St.3d 536, 2022-Ohio-1915, 207 N.E.3d 579. Unlike other mandamus cases, a relator in a public records mandamus action "'need not establish the lack of an adequate remedy in the ordinary course of the law.'" *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 6, quoting *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer,* 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25.

{¶ 5} "[A petitioner] bears the burden of pleading and proving facts showing that he requested a public record pursuant to R.C. 149.43(B)(1) and that [the public agency] did not make the record available to him." *State ex rel. Reese v. Ohio Dep't of Rehab. & Correction Legal Dep't,* 168 Ohio St.3d 647, 2022-Ohio-2105, 200 N.E.3d 1083, ¶ 13, citing *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26 ("Reese has neither pleaded nor proven that he sent the December 29, 2017 request to DRC. He is therefore not entitled to relief in mandamus regarding that request."); *see also State ex rel. Edward Smith Corporation v. Marsh,* Slip Opinion 2024-Ohio-201, ¶ 7, quoting *Guess v. Toledo Blade Newspaper Co.*, 6th Dist.

3.

Lucas No. L-97-1276, 1998 WL 65500 (Feb. 6, 1998) ("A complaint may be so incomprehensible as to fail to state a claim upon which relief may be granted."). In *Guess v. Toledo Blade Newspaper*, the plaintiff sued the newspaper after it cancelled plaintiff's subscription and refunded him the cost. We affirmed the dismissal of the complaint, finding that "[t]he only cognizable cause of action from the facts appellant alleges is breach of contract. However, that cause requires damages as an essential element. * * * On its face, appellant's complaint states that appellee refunded the amount of the unused subscription. Consequently, appellant alleges no legally recognizable damages under a breach of contract theory. Therefore, dismissal pursuant to Civ.R. 12(B)(6) is appropriate." *Id.*

{¶ 6} Similarly, in this case, the only cognizable facts alleged by Guess in support of his claim under R.C. 149.42 is that respondents "refuse" to "provide" him with "disciplinary logs." However, nowhere within the petition does Guess plead any facts nor produce any evidence that he (1) requested (2) record(s) that are subject to disclosure under R.C. 149.43(B)(1). Because there is no evidence that Guess made a request for identifiable public record(s) under R.C. 149.43(B)(1), he does not state grounds that would entitle him to a writ of mandamus. *Reece; see also State ex rel. Citizens for Env't Just. v. Campbell,* 93 Ohio St. 3d 585, 585, 757 N.E.2d 366 (2001) ("Nor did relator file an amended complaint with an affidavit covering the necessary elements of its mandamus claim, *i.e.,* a request for records and a refusal.").

4.

{¶ 7} Additionally, Guess's petition is insufficient because it is not accompanied by an affidavit describing any civil lawsuits or civil appeals he has filed in state or federal court in the last five years.  R.C. 2969.25(A)(1)-(4).  His petition is also subject to dismissal on these grounds.  *State ex rel. Kimbo v. Glavas,* 97 Ohio St.3d 197, 2002–Ohio–5808, 777 N.E.2d 257, ¶ 3.

{¶ 8} Finally, R.C. 2969.25(C)(1) requires that an inmate who seeks waiver of the filing fees in an action file both a waiver and an affidavit of indigence containing a statement of his balance in his inmate account and a statement of his assets.  Guess failed to meet the requirements of R.C. 2969.25 because he failed to attach a statement of his inmate account as required by R.C. 2969.25(C).  *Gooden* at ¶ 7.

### III.  Conclusion

{¶ 9} Guess's petition does allege sufficient facts showing that he is entitled to a writ of mandamus.  Dismissal of this case is further required for Guess's failure to comply with the filing requirements set forth by RC. 2969.25(A) and (C).  We therefore dismiss the petition.  The costs of this action are assessed to Guess.

{¶ 10} **To the clerk:  Manner of Service.**

{¶ 11} Serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Writ denied.

State ex rel. Bo Guess
v. Thomas Clark, et al.
C.A. No. L-24-1001

Thomas J. Osowik, J.                           _____
                                                                                    JUDGE

Myron C. Duhart, J.

Charles E. Sulek, J.                            _____
CONCUR.                                                            JUDGE

                                                                                    _____
                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.