[Cite as *State ex rel. Feagin v. May*, 2024-Ohio-1357.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE EX REL. ULYSSES L. FEAGIN | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| SHARON MAY, HUMAN RESOURCES | : | Case No. 2023 CA 0060 |
| DIRECTOR | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Writ of Mandamus




JUDGMENT:                                Granted




DATE OF JUDGMENT:                        April 10, 2024




APPEARANCES:

For Relator                                      For Respondent

ULYSSES L. FEAGIN                         MEL LUTE, JR. ESQ.
P.O. Box 540                                 Baker Dublikar
St. Clairsville, OH  43950                   400 South Main Street
                                                 North Canton, OH  44720

*King, J.*

{¶ 1}  On October 30, 2023, Relator Ulysses Feagin filed a Complaint in Mandamus against Respondent Sharon May, Human Resources Director for the City of Mansfield, Ohio. Feagin filed an Amended Complaint on November 15, 2023. Feagin seeks to compel the HR Director to provide documents in response to a public-records request. We deny the HR Director's summary judgment motion[1] and order her to produce the documents identified in Exhibit B attached to Respondent's Motion to Dismiss. Feagin's request for statutory damages under R.C. 149.43(C)(2) is denied.

## I. Background

{¶ 2}  Feagin alleges on August 18, 2023, he served a public-records request, by certified mail, to Lori Cope, Safety Service Director for the City of Mansfield, Ohio. Feagin received a response to his request on September 13, 2023, from the HR Director, asking him to revise his request to include more specificity. Feagin did so resubmitting his revised request on September 18, 2023. The revised request is too extensive to include here but it generally requested documentation regarding police protocols, police rules and regulations, police disciplinary procedures, complaints filed against officers and use of force.

{¶ 3}  At the time Feagin made his public-records request, he was actively engaged in a lawsuit against the City of Mansfield. *See Ulysses Lee Feagin v. Mansfield Police Dept., et al.*, U.S. District Court for the Northern District of Ohio, Eastern Division,

---

[1] May originally filed a Motion to Dismiss on November 30, 2023. Under Civ.R. 12(B), we converted the motion to a summary judgment motion on December 28, 2023, and gave the parties additional time to file supplemental briefing and Civ.R. 56(C) evidence.

Case No. 1:22-CV-1201. Feagin previously made extensive document requests, in the course of discovery in the pending federal case, pertaining to the same public records that he now seeks through mandamus in the present matter. The HR Director worked with outside counsel, in the federal case, to produce the requested documents.

{¶ 4} On October 18, 2023, counsel for the city of Mansfield responded to Feagin's public-records request in a letter referencing the federal lawsuit. Counsel for the HR Director acknowledges the response to the public-records request did not come directly from the HR Director. Attached to the HR Director's Motion to Dismiss is Exhibit B, which is a list of documents produced in response to Feagin's September 18, 2023 public-records request. Thus, the HR Director requests dismissal of Feagin's mandamus action claiming it is moot since Feagin received the requested records as part of his federal lawsuit.

{¶ 5} On December 13, 2023, Feagin filed a Motion in Opposition to Respondent's Motion to Dismiss. On page 3, paragraph 5 of his motion, Feagin states, "On or about October 25, 2023 Attorney Mel Lute Jr answered the public records request that was served upon Sharon May, the Mansfield City Human Resource Director."

{¶ 6} After the Court converted this matter to a summary judgment proceeding, in a Supplemental Brief filed by the HR Director, counsel again reiterated that he provided the requested documents to Feagin. The HR Director also stated the requested documents were provided to Feagin within 30 business days.

{¶ 7} Attached to the Supplemental Brief is a letter dated October 5, 2023. It acknowledges receipt of Feagin's public-records request and indicates the documents are already in the process of being produced as part of the pending federal lawsuit. The

second document attached to Respondent's Supplemental Brief is a letter dated October 18, 2023, from counsel representing the city of Mansfield in the federal case, advising that Feagin's requested records are enclosed for the public-records request served on Sharon May, Human Resource Director for the City of Mansfield. Neither letter was properly authenticated Civ.R. 56(E) evidence.[2]

{¶ 8} Feagin filed a memorandum in opposition to Respondent's summary judgment motion. Attached to the memorandum is Feagin's affidavit where he avers in paragraph 3: "The Relator asserts that Sharon May have (sic) not provided any of the requested public records documents[.]"

## II. Analysis

A.    *Mandamus elements and summary judgment standard*

{¶ 9} Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1). *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 9. The Ohio Supreme Court construes the Public Records Act " 'liberally in favor of broad access' " to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶ 10} Under R.C. 149.43(C)(1)(b), a mandamus action is the remedy for a person denied access to a public record. "To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a

---

[2] The proper way to introduce evidence not specifically authorized under Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit. *Matrix Acquisitions, LLC v. Styer*, 5th Dist. Tuscarawas No. 2010 AP 04 0014, 2010-Ohioo-5343, ¶ 12.

corresponding clear legal duty on the part of the respondents to provide that relief." *State ex rel. Penland v. Ohio Dept. of Rehab. and Corr.*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9, citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22-24.

{¶ 11} Further, we are deciding this matter on summary judgment. A court may grant summary judgment under Civ.R. 56 if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶ 12} The moving party bears the burden of identifying the basis for the motion and those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 116, 526 N.E.2d 798 (1988).

   B.     *Factual dispute regarding public-records' production*

{¶ 13} A factual dispute exists regarding whether the HR Director has provided the public records requested by Feagin. The HR Director claims Feagin's public-records request is moot because the records have been provided to him in the federal lawsuit. Feagin stated in his Motion in Opposition to Respondent's Motion to Dismiss that Attorney Mel Lute answered his public-records request that was served upon Sharon May, the Mansfield City Human Resources Director. However, in a subsequent affidavit, attached to his opposition to the HR Director's summary judgment motion, Feagin denied receiving any of the requested public-records documents from the HR Director.

{¶ 14} Two recent decisions, from the Ohio Supreme Court, shed light on how to resolve this dispute. In *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, 194 N.E.3d 323, the Ohio Supreme Court first explained relator has the burden to plead and prove facts showing that he requested a public record pursuant to R.C. 149.43(B)(1) and that respondent did not make the record available. (Citation omitted.) *Id.* at ¶ 14. Relator "also bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence." (Citation omitted.) *Id.*

{¶ 15} The respondent, in *Crawford*, argued relator did not prove by clear and convincing evidence that respondent did not send the requested records to relator as respondent claims to have done. *Id.* at ¶ 15. The Court ultimately concluded respondent was in the better position to affirmatively show that she transmitted the records to relator. *Id.* The Court explained:

> Just as the custodian is in a better position than the requester to know
> the contents of a record and whether it fits within an exception * * * so

> too is the custodian in the superior position to demonstrate compliance
> with the obligation to provide copies of public records [.]

*Id.*

{¶ 16} In *Crawford*, the Court concluded respondent presented no evidence to corroborate her assertion that she mailed the documents that relator requested nor did she submit copies of the documents that she claims to have sent to relator in response to his public-records request. *Id.* The Court granted a writ of mandamus regarding records that were not produced in an initial response. *Id* at ¶ 17.

{¶ 17} The second pertinent decision, from the Ohio Supreme Court, is *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, 203 N.E.3d 665. In *Kurt*, respondent made a mootness argument and provided a list of records she allegedly provided to relator and also included two supporting affidavits. *Id.* at ¶ 28. The affiants explained that some documents were sent to relator but that other documents were not produced because the requests were overly broad and some of the documents did not exist. *Id.* The Court noted, "[a]s for the list of records that were allegedly provided, [respondent] did not submit copies of the documents as corroborating evidence in this case." *Id.*

The *Kurt* court further explained:

> Because the record does not clearly demonstrate (1) that [respondent]
> sent [relator] the documents that she claims to have provided to him and
> (2) whether [respondent] had legitimate reasons for rejecting the
> remaining document requests, we decline to resolve the appeal on
> grounds of mootness.

*Id.* at ¶ 29.

{¶ 18} In the present matter, relying on *Crawford* and *Kurt*, we find the record does not clearly establish that Feagin received the requested records. Although we are permitted to consider facts outside the record to establish mootness, *see State ex rel. Richard v. Wells*, 64 Ohio St.3d 76, 77, 591 N.E.2d 1240 (1992), here, the HR Director submitted no Civ.R. 56(C) evidence establishing production and service of the requested records. Therefore, Feagin's writ is not moot.

{¶ 19} Even if the HR Director had provided an affidavit indicating the requested documents were produced this does not appear to satisfy the burden placed on a respondent answering a public-records request. In fact, such an approach was found insufficient by the *Kurt* Court. *See Kurt* at ¶ 28, where the Court rejected two affidavits, one from an assistant prosecutor and one from the office manager, that indicated some of the requested documents had been produced in response to the public-records request. *Id.*

{¶ 20} The Court found the affidavits insufficient to establish the documents had been provided. *Id.* In refusing to rely on the two affidavits, the Court explained, "[a]s for the list of records that were allegedly provided, Kurt did not submit copies of the documents as corroborating evidence in this case." *Id.* Based on this language, we conclude to satisfy the burden of establishing that public records have been provided pursuant to a request, respondent must provide copies of the documents as corroborating evidence. *Id.*

{¶ 21} We acknowledge the burden this requirement places on a party responding to a public-records request and the clerks' offices that have to accept the documents for filing. For example, recently, in *State ex rel. Ware v. Stone*, 5th Dist. Stark No.

2021CA00042, 2022-Ohio-1151, the Stark County Prosecutor's Office filed an affidavit with 972 pages of documents attached in order to establish that it had responded to a public-records request. *Id.* at ¶ 22.

{¶ 22} Because Respondent did not provide copies of the produced documents as corroborating evidence, we must conclude the record does not clearly demonstrate that the HR Director sent Feagin the documents that are claimed to have been provided. Therefore, we deny the HR Director's summary judgment motion and grant summary judgment in favor of Feagin. "When a party moves for summary judgment and the nonmovant has had an opportunity to respond, a court – after consideration of the relevant evidence – may enter judgment against the moving party even though the nonmovant did not file its own motion for summary judgment." *State ex rel. Clay v. Cuyahoga Cty. Medical Examiner's Office,* 152 Ohio St.3d 1163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 9, citing *State ex rel. Anderson v Vermillion,* 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, citing *Todd Dev. Co., Inc, v. Morgan,* 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 17.

{¶ 23} The HR Director is ordered to provide copies of the documents identified in Exhibit B attached to Respondent's Motion to Dismiss.

C.      *Statutory damages*

{¶ 24} Feagin also claims he is entitled to statutory damages. R.C. 149.43(C)(2) allows a relator to recover $100 for each business day during which a respondent failed to comply with the public-records law, beginning on the date of commencement of the public-records action, up to a maximum of $1,000. A requester qualifies for statutory damages, under the version of R.C. 149.43 in effect at the time the request is made only

when he or she "transmits a written request [for the public records] by hand delivery, electronic submission, or certified mail * * * to the public office or person responsible for the requested public records[.]" R.C. 149.43(C)(2).

{¶ 25} We conclude Feagin is not eligible to receive statutory damages. He has provided no evidence that he sent the August 18, 2023 request by one of the methods of delivery authorizing statutory damages under R.C. 149.43(C)(2). Although Feagin avers in paragraph 3 of his Amended Complaint, paragraph 1 of his Opposition to Respondent's January 11, 2024 Motion for Summary Judgment and paragraph 1 of his Sworn Affidavit that he requested the records by certified mail, there is no evidence in the record establishing that he in fact did so. "[A] requester who fails to prove that delivery was accomplished by one of the methods required to authorize statutory damages under R.C. 149.43(C)(2) is ineligible to receive an award of statutory damages." *State ex rel. Reese v. Ohio Dept. of Rehab. & Corr. Legal Dept.*, 168 Ohio St.3d 647, 2022-Ohio-2105, 200 N.E.3d 1083, ¶ 34, citing *State ex rel. Penland v. Ohio Dept. of Rehab. & Corr.*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 16.

{¶ 26} For the foregoing reasons, we grant Feagin's writ of mandamus. We deny Feagin's request for statutory damages. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 27} RESPONDENT'S MOTION FOR SUMMARY JUDGMENT DENIED, AND SUMMARY JUDGMENT IS GRANTED IN FAVOR OF FEAGIN.

{¶ 28} WRIT OF MANDAMUS GRANTED.

{¶ 29} REQUEST FOR STATUTORY DAMAGES DENIED.

{¶ 30} COSTS TO RESPONDENT.

{¶ 31} IT IS SO ORDERED.

By Andrew J. King, J.

Delaney, P.J. and

Baldwin, J. concur.