[Cite as *Jackson v. Cuyahoga Cty. Jobs & Family Servs.*, 2024-Ohio-2998.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| WHITNIE JACKSON | Case No. 2024-00439PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CUYAHOGA COUNTY JFS/ OHIO DEPARTMENT OF JFS | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F) report and recommendation. He recommends that judgment be entered for respondent, but that the court absorb the costs of this case.

**I. Background**.

{¶2} Requester Whitnie Jackson is engaged in administrative proceedings with the Cuyahoga County Department of Jobs and Family Services ("CJFS"). She made written and oral public records requests to CJFS for copies of all files pertaining to her, apparently to obtain evidence for those proceedings. The oral request specifically asked for Case Continuation Notices, documents generated in connection with those types of proceedings. *See* Adm. Code 5101:12-10-72(A). *Complaint*, filed May 16, 2024, pp. 3, 4; *Respondent's Documentary Evidence Pursuant to Special Master's R.C. 2743.75(E)(3)(c) Order*, filed June 5, 2024 ("*Respondent's Evidence*"), pp. 1, 6, 7; *Respondent's Supplemental Production*, filed, June 27, 2024, p. 53.[1]

---

[1] All references to specific pages of the *Complaint* are to the pages of the PDF copy posted on the court's on-line docket. All references to specific pages of *Respondent's Evidence* and *Respondent's Supplemental Production* are to the Bates numbers of those pages.

{¶3} CJFS produced the responsive files, but those files did not include Case Continuation Notices. CJFS' internal notes indicate that it was not able to access the Notices. *Complaint*, p. 25; *Respondent's Evidence*, pp. 1-4; *Respondent's Supplemental Production*, filed, June 27, 2024, pp. 8-269; *Id.* at 48.

{¶4} Ms. Jackson brought this case to compel production of the Notices and to obtain a declaration that CJFS' unreasonably delayed their production.[2] She brought it against CJFS and the "Ohio Department of JFS."  Subsequent filings indicate that she also seeks damages for CJFS' alleged delay and relief going to the merits of her administrative proceedings with CJFS. Mediation was bypassed and a schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule was modified to allow additional evidence and memoranda. *Complaint*, pp. 1, 2; *Order Terminating Mediation*, entered May 21, 2024; *Order*, entered June 17, 2024; *PQ Miscellaneous*, filed May 28, 2024, p. 21.

{¶5} At some point after this case was filed CJFS obtained copies of the Case Continuation Notices from a state agency. It provided the notices to Ms. Jackson on June 25, 2024. *PQ Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher sent at 4:10 PM, June 25, 2024, email from Ms. Jackson sent at 6:18 PM.

{¶6} The modified case schedule has run its course, and the case is ripe for decision.

## II.  Analysis.

{¶7} The parties' submissions present five issues: (1) whether the Ohio Department of Jobs and Family Services ("ODJFS") is a proper respondent in this case, (2) whether Ms. Jackson still has a live claim for the production of records, (3) whether she has proven her delay claim,  (3) whether CJFS violated R.C. 149.43(B)(3) by failing to explain why it did not provide the Case Continuation Notices,  (4) whether Ms. Jackson is entitled to the other relief she seeks, and (5) whether Ms. Jackson should be excused from bearing the costs of this case.

---

[2] Although the pro se complaint seeks production of a "determination," the course of proceedings makes it clear that Ms. Jackson was actually referring to the Case Continuation Notices in her complaint. *Motion to Compel Motion to Dismiss*, filed June 6, 2024; *Response to Respondent's Motion to Dismiss*, filed June 14, 2024; *PQ Miscellaneous*, filed July 9, 2024.

## A. ODJFS is not a proper respondent in this case.

{¶8} This case is brought pursuant to R.C. 2743.75. A public office cannot be named as a respondent in R.C. 2743.75 case if the requester has not made a public records request to it because a requester cannot be aggrieved by the office absent such a request. *Jones v. Allen Cty. Common Pleas Court*, 2023-Ohio-1863, ¶¶ 5-7, adopted 2023-Ohio-2324 (Ct. of Cl.). "One cannot be aggrieved unless he has made a public records request to the party he sues. He is not aggrieved, and hence has no claim, if he has not made a request to that party." *Id*. at ¶ 5.

{¶9} Ms. Jackson's complaint names "Cuyahoga County JFS/Ohio Department of JFS" as co-respondents. *Complaint*, p. 1. However, the only records requests mentioned in this case were made to CJFS.  There is no allegation or evidence that Ms. Jackson made any records requests to ODJFS, and Ms. Jackson has the burden of proving that she made a request of the office she sued. *State ex rel. Reese v. Ohio Dept. of Rehab. & Correction Legal Dept*., 2022-Ohio-2105, ¶¶ 12, 13. And because county jobs and family services agencies are not subparts ODJFS but are separate entities, compare R.C. Chapter 329 and R.C. Chapter 5101, Ms. Jackson's requests to CJFS are not sufficient to bring ODJFS into this case.

## B. Requester's production claim is moot.

{¶10} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot*." State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8.  A claim for production of public records can be mooted by the respondent producing the responsive records during the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶11} Requester's evidence establishes that CJFS has provided copies of the Case Continuation Notices she sought. *PQ Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher sent at 4:10 PM, June 25, 2024, email from Ms. Jackson sent at 6:18 PM. Her claim for production of those Notices, the only records she seeks through this case, is therefore moot.

{¶12} That is not changed by Ms. Jackson's belated assertion that CJFS did not produce its full files on her because its production did not include records before 2022 and because the original productions supposedly did not include records CJFS filed in

this case. *PQ Miscellaneous*, filed July 9, 2024, unnumbered p. 2, ¶¶ 1, 2. A party suing under R.C. 2743.75 must identify the particular violation it sues on in the complaint; other alleged violations will not be considered. *Schutte v. Gorman Heritage Farm Found*., 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818 (Ct. of Cl.); *Schaffer v. Ohio State Univ.,* 2024-Ohio-2185, ¶¶ 58-61, adopted June 7, 2024 (Ct. of Cl.). See also, *State ex rel. Repository v. Nova Behavioral Health, Inc*., 2006-Ohio-6713, ¶¶ 42, 41. Ms. Jackson's complaint did not mention these supposed lapses, but instead focused exclusively on CJFS' failure to produce the Case Continuation Notices. Other alleged defects in CJFS' response to her requests are therefore beyond the scope of this case.

{¶13} I therefore recommend that the court find that requester's claim for production of the Notices is moot.

## C. Requester's delay claim fails for want of proof.

{¶14} R.C. 149.43(B)(1) mandates that "upon request by any person, a public office . . .  shall make copies of the requested public record available . . .  within a reasonable period of time."  Whether a public office complied with this statutory duty depends upon "all of the pertinent facts and circumstances." *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 12. The requester has the burden of proving unreasonable delay. *Id*.  Ms. Jackson's delay claim fails because she has not proven a very pertinent fact: when CJFS obtained possession of the Case Continuance Notices.

{¶15} That fact is pertinent because R.C. 149.43(B)(1)'s production requirements only apply to "public records" of the respondent office, and materials are not public records of that office until they come to be "kept" by the office. R.C. 149.43(A)(1); *State ex rel. Cincinnati Enquirer v. Cincinnati Bd. of Edn*., 2003-Ohio-2260, ¶¶ 11, 14. That only occurs once an office holds or has the materials in its possession. *Id*. at ¶ 11.

{¶16} There are very real questions about when CJFS came to possess the Case Continuation Notices.

{¶17} The Administrative Code indicates that the Notices were originally kept by ODJFS rather than CJFS.  Adm. Code 5101:12-10-72(A) provides that Case Continuation Notices are part of the "support enforcement tracking system."  Adm. Code 5101:12-1-15(A) establishes that ODJFS, not county agencies, maintains the "support enforcement

tracking system." Adm. Code 5101:12-1-15(D) and (F) reinforce ODJFS' possession of the notices by providing that entities outside of ODJFS may only access materials within the support enforcement tracking system if they comply with various requirements imposed by ODJFS. That suggests that the Notices were not kept by CJFS until sometime after Ms. Jackson's requests to CJFS.

{¶18} The evidence here confirms that CJFS did not originally possess the Notices. CJFS' internal notes of a March 13, 2024, conversation with Ms. Jackson indicate it was unable to access the notices at that time. *Respondent's Supplemental Production*, p. 48. A later CJFS email to Ms. Jackson stated that the Notices "are kept and maintained by the State . . . not the county agency. As a courtesy to you, we requested copies of these notices on your behalf. The attached records are not a public record of the county, and we had no obligation to acquire and produce it." *PQ Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher, p. 1.

{¶19} Although CJFS eventually obtained possession of the Notices, *id*., at which point they did become public records of CJFS and the reasonableness clock began running, the evidence does not establish *when* that occurred. That is a pertinent fact because it is essential to quantifying the time it took CJFS to produce the notices after it obtained them, and the reasonableness of that time cannot be evaluated without knowing how much time elapsed. The absence of evidence on that point means that Ms. Jackson has failed to carry her burden of proof.

{¶20} I therefore recommend that the court reject requester's delay claim.

### D. CJFS satisfied R.C. 149.43(B)(3).

{¶21} Ms. Jackson argues that CJFS owed her an explanation of why it did not produce the Case Continuation Notices. *PQ Miscellaneous*, filed July 9, 2024, unnumbered page 3, ¶ 6. This seems to invoke R.C. 149.43(B)(3)'s requirement that a public office explain the denial of a public records request. That claim fails for two independently dispositive reasons.

{¶22} First, it was not made in the complaint. That omission means that this claim is not part of this case. *Schutte*, 2019-Ohio-1611, ¶ 26; *Schaffer*, 2024-Ohio-2185, ¶ 61.

{¶23} Second, it fails on the merits. CJFS did explain its failure to produce the Case Continuation Notices, albeit belatedly. It explained that the Notices "are kept and maintained by the State . . . not the county agency. As a courtesy to you, we requested copies of these notices on your behalf. The attached records are not a public record of the county, and we had no obligation to acquire and produce it." *PQ Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher, p. 1. While that did not occur until well after this case was filed, R.C. 149.43(B)(3) includes no timeliness requirement and controlling precedent establishes that even explanations provided after an enforcement action is filed satisfy the statute. *State ex rel. Ware v. Giavasis*, 2020-Ohio-3700, ¶¶ 2-3, 11-12.[3]

### E. This court cannot provide the other relief requester seeks.

{¶24} Ms. Jackson seeks two other types of relief, but neither are available in this court.

{¶25} One type of relief is damages. That remedy is not available in cases, like this, brought under R.C. 2743.75. *Assn. of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, 2020-Ohio-4550, ¶ 10, adopted 2020-Ohio-4902 (Ct. of Cl.).

{¶26} The other type of relief is addressed to the merits of her administrative litigation with CJFS. *PQ Miscellaneous*, filed July 9, 2024, unnumbered page 3, ¶ 7. CJFS is a local entity, the merits of Ms. Jackson's administrative dispute with CJFS go beyond public records matters, and this court lacks jurisdiction over non-public records disputes between citizens and local entities. *Cotten v. Court of Common Pleas*, 2018-Ohio-3948, ¶¶ 8-10 (10th Dist.); *Dillingham v. Butler Cty. Prosecutor's Office*, 2018-Ohio-3654, ¶ 5, adopted 2018-Ohio-4360 (Ct. of Cl).

### F. The court should absorb the costs of this case.

{¶27} Although a losing litigant usually bears the costs of a civil case, that rule is not absolute. Ohio courts have discretion to deviate from that norm. *Vance v.*

---

[3] The special master recognizes Ms. Jackson's frustration with CJFS' belated explanation; that delay caused her, CJFS' publicly funded counsel, and this publicly funded court to needlessly expend resources litigating a dispute that could have been avoided with a timely explanation and redirection to ODJFS. The law is settled on this point however, so the problem of inefficiently delayed explanations is a matter that can only be addressed by the General Assembly.

*Roedersheimer*, 64 Ohio St.3d 552, 555 (1992). Ohio courts consider precedent applying the Fed. R. Civ. P. 54(d) when applying Civ. R. 54(D). *Id*. at 555, n. 2; *State ex rel. Reyna v. Natalucci-Persichetti*, 83 Ohio St.3d 194, 198 (1998); *Hagemeyer v. Sadowski*, 86 Ohio App.3d 563, 566 (6th Dist.1993). Courts applying Fed. R. Civ. P. 54(d) excuse a losing litigant from paying costs if the litigant establishes her indigency. 10 *Moore's Federal Practice*, § 54.101[1][b] (3d Ed.); 10 *Federal Practice & Procedure*, §2668 (4th Ed.)

{¶28} Ms. Jackson has submitted an affidavit swearing that she has no income aside from public assistance and that she has no liquid assets. *Poverty Statement Affidavit*, filed May 16, 2024. That establishes her indigency. The special master therefore recommends that the court absorb the costs of this case.

## III.    Conclusion.

In light of the foregoing, the I recommend that:

- Judgment be entered for Respondent.

- The court absorb the costs of this case.

{¶29} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed July 11, 2024**
**Sent to S.C. Reporter 8/8/24**